COWART, Judge.
Appellants, former employees of appellee, when discharged, instituted grievance proceedings against appellee under a collective bargaining agreement and, suffering an adverse result, appealed to arbitration as provided in the agreement. When the arbitrator upheld their discharge, appellants filed an action in the circuit court as third party beneficiaries of the master collective bargaining agreement between appellee and appellants’ union. They appeal from a summary judgment entered against them.
Section 13.10 of the master collective bargaining agreement, under which appellants sought review of the prior dispute settlement procedure, provides that the arbitrator’s decision will be binding on the parties. As third party beneficiaries of the agreement, appellants have the same rights with the same limitations as the promisee-union and, since the union could proceed in arbitration, including moving to set aside an arbitration decision, appellants, as employees and beneficiaries, could do likewise. Therefore, appellants’ action in the trial court was essentially a suit to set aside the arbitration award and not an action for damages for wrongful termination of employment.
The trial judge was correct in ruling that this action was time-barred, since it was not filed within the 90 day limitations period provided by section 682.13, Florida Statutes (1981), a provision of the Florida Arbitration Code relating to petitions to vacate arbitration awards, which statute more specifically applies to this action than the 5 year statute of limitation provided by section 95.11(2)(b), Florida Statutes (1981), relating to “a legal or equitable action on a contract, obligation, or liability founded on a written instrument.” Section 95.11(4)(c), Florida Statutes (1981), which imposes a 2 year limitation on “an action to recover wages or overtime or damages or penalties concerning payment of wages and overtime” does not apply, regardless of whether appellants were hourly employees paid with wages or salaried employees. This is not a suit for wages due, but an action to set aside an arbitration award, notwithstanding that, if the arbitration award was set aside and it was determined that appellants’ discharge was wrongful, appellants’ damages might be partially measured in terms of lost wages.
An employee’s complaint to set aside a binding arbitration award made pursuant to a collective bargaining agreement must allege that the employee was deprived of procedural due process in the arbitration proceeding through the union’s failure to fulfill its duty to safeguard the employee’s interest. Air Line Pilots Association International v. Eastern Airlines, Inc., 632 F.2d 1321 (5th Cir. 1980); New Orleans Steamship Association v. General Longshore Workers, 626 F.2d 455 (5th Cir. 1980); Smith v. Daws, 614 F.2d 1069 (5th Cir. *1004 1980); International Brotherhood of Pulp, Sulphite and Papermill Workers v. St. Regis Paper Co., 362 F.2d 711 (5th Cir. 1966); National Airlines, Inc. v. Metcalf, 114 So.2d 229 (Fla. 3d DCA 1959).
Appellants’ complaint was fatally deficient in failing to allege that their union failed to perform its duty to protect the employees’ interest and the summary judgment was correctly entered because of this insufficiency of the pleading, as well as because the action alleged was time-barred. See Gordon v. City of Belle Glade, 132 So.2d 449 (Fla. 2d DCA 1961). Appellants made no motion for leave to amend the defective pleading. See Heinlein v. Metropolitan Dade County, 216 So.2d 473 (Fla. 3d DCA 1968).
The summary judgment is
AFFIRMED.
DAUKSCH, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.