707 F.2d 1312
 32 Fair Empl.Prac.Cas. 346,
32 Empl. Prac. Dec. P 33,712
Kenneth Dewey McGHEE, Plaintiff-Appellant,
v.
Calvin P. OGBURN, Individually and as Director of the
Tallahassee Housing Authority; Tallahassee Housing
Authority; Daniel A. Kleman, City Manager of the City of
Tallahassee, and the City of Tallahassee, Defendants-Appellees.
 No. 82-5576.
 United States Court of Appeals,
Eleventh Circuit.
 June 24, 1983.
 
 Richard Burton Bush, Howell L. Ferguson, Ferguson & Sherrill, Tallahassee, Fla., for plaintiff-appellant.
 James C. Conner, Jr., Paula L. Walbrosky, Tallahassee, Fla., for Ogburn and Housing Authority.
 James R. English, Lewis E. Shelley, Tallahassee, Fla., for Kleman and City of Tallahassee.
 Appeal from the United States District Court for the Northern District of Florida.
 Before RONEY and HILL, Circuit Judges, and MORGAN, Senior Circuit Judge.
 RONEY, Circuit Judge:
 
 
 1
 This case concerns whether the Florida two-year statute of limitations, which we have held governs a suit for employment discrimination, applies to a suit for a due process violation in employment termination. Holding the point is controlled by the rationale of our decision in McWilliams v. Escambia County School Board, 658 F.2d 326 (5th Cir. Unit B 1981), we affirm the district court's dismissal of this suit as time-barred.
 
 
 2
 Plaintiff Kenneth Dewey McGhee brought this action under 42 U.S.C.A. Secs. 1981 and 1983 against his former employer, the Tallahassee Housing Authority, and others for unlawful termination of employment. Plaintiff initially alleged a due process violation, and then through an amendment to the complaint he added a count for race discrimination. Briefly, the following facts were alleged: Defendant Tallahassee Housing Authority hired plaintiff on April 1, 1977 as a maintenance superintendent pursuant to a consent decree with the United States Department of Justice to employ a black in an administrative position. On November 4, 1977, after completing a six-month probationary period, plaintiff learned from his employer that his position was being abolished. Plaintiff was demoted to maintenance foreman. Instead of abolishing the position of maintenance superintendent, however, defendant Housing Authority filled it with someone else, evidently a white male. On December 1, 1977 defendant Housing Authority fired plaintiff.
 
 
 3
 McGhee filed his complaint almost four years later, on August 3, 1981. He alleged that his employer's personnel policies had given him a property right in continued employment, which had been denied him without due process because he had not been afforded a hearing, before or after either his demotion or subsequent termination, and had not been given sufficient notice of any charges. McGhee requested varied relief, including reinstatement until an adequate hearing could take place, damages and attorney's fees. Subsequently he added the count for race discrimination.
 
 
 4
 Defendants moved to dismiss on the ground that suit had not been brought within the two-year limitation period provided by Fla.Stat.Ann. Sec. 95.11(4)(c) (West 1982). Since 42 U.S.C.A. Secs. 1981 and 1983 do not provide a limitations period, federal courts look to the limitation period for the most closely analogous state law action in the state in which the suit is filed. Board of Regents v. Tomanio, 446 U.S. 478, 483-84, 100 S.Ct. 1790, 1794-1795, 64 L.Ed.2d 440 (1980); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975).
 
 
 5
 Fla.Stat.Ann. Sec. 95.11(4)(c) prescribes a two-year period of limitation for an "action to recover wages or overtime or damages on penalties concerning payment or wages and overtime." We have squarely held that this two-year Florida Statute controls a Sec. 1981 or 1983 employment discrimination case even when the plaintiff seeks equitable and other relief in addition to back wages. McWilliams v. Escambia County School Board, 658 F.2d at 329-330. Although plaintiff can and does disagree with the McWilliams decision, we cannot and do not. That decision is binding precedent for this panel and bars plaintiff's race discrimination claim. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc). See also Williams v. Western Electric Co., 618 F.2d 1110, 1111 (5th Cir.1980); Cutliff v. Greyhound Lines, Inc., 558 F.2d 803, 804-05 (5th Cir.1977) (applying Fla.Stat.Ann. Sec. 95.11(7)(b) (West 1960) (repealed), the predecessor to Sec. 95.11(4)(c)).
 
 
 6
 McGhee contends, however, that even if McWilliams prescribes the two-year limitation statute for employment discrimination claims under Secs. 1981 and 1983, it does not control an employment due process claim under Sec. 1983. We have previously applied different limitation periods to two claims, even though both are brought under the same federal statute and both ask for the same relief, if the "essential nature" of the claims differ. Whatley v. Department of Education, 673 F.2d 873, 878 (5th Cir. Unit B 1982) (applying different limitation period under Georgia law to a different Sec. 1983 claim); Beard v. Stephens, 372 F.2d 685, 689-90 (5th Cir.1967) (applying two limitation periods under Alabama law to different claims under the federal Civil Rights Acts for damages for alleged wrongs arising out of the same set of circumstances).
 
 
 7
 The rationale of McWilliams and the apparent policy of the Florida statutes, however, militate against plaintiff's position that a four-year statute should apply. McGhee argues that the appropriate limitation period is four years under either Fla.Stat.Ann. Sec. 95.11(3)(f) (West 1982), which applies to an "action founded on a statutory liability", or id. Sec. 95.11(3)(o), which applies to an "action for ... any ... intentional tort." Employment discrimination and due process claims share the pertinent characteristics of these statutes. Both are grounded in statutory liability, imposed by the Civil Rights Acts. If plaintiff's due process claim, based on the denial of sufficient notice and hearing, can be termed an action for an intentional constitutional tort, so can a claim for racial discrimination in demotion and eventual termination of employment. If, as McWilliams concluded, an "action to recover wages ..." is the most closely analogous Florida action to a Sec. 1983 employment discrimination action seeking injunctive relief as well as damages, then the same is true for a Sec. 1983 due process employment case seeking the same relief.
 
 
 8
 The spirit of the Florida law appears to be that employee/employer cases are governed by the two-year period. We have been cited to no case that applies a longer statute than Sec. 95.11(4)(c) to a suit based on the termination of employment. In Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla.1970), the Florida Supreme Court refused to apply the longer contract limitation statute to a suit for alleged breach of contract by wrongful discharge. The Florida court carefully examined the history of the two-year limitation statute and focused on the pattern the legislature had attempted to follow. It rejected the employee's argument that the wage statute had been prompted by federal labor legislation and therefore should apply only to causes of action based upon some statutorily created right. The Court reasoned:
 
 
 9
 As to the argument concerning the Fair Labor Standards Act and other social legislation, it may well be that the spate of actions spawned by such legislation and the difficulty of preserving evidence over a period of years prompted the legislature to act, but it is just as logical to say that the legislature decided to deal with all wage suits, however they arose, as to say they concerned themselves only with suits arising under some statutory provision. The compelling reasons for the legislation [--] difficulty in preserving the evidence, the high mobility of the labor force, the harassment of management by a multiplicity of suits brought years after the fact [--] are the same regardless of what gives rise to the cause of action.
 
 
 10
 231 So.2d at 515. The Court then made the holding significant to this case:
 
 
 11
 Thus we hold that Sec. 95.11(7)(b) [the predecessor to Sec. 95.11(4)(c) ] was intended to apply to all suits for wages or overtime, however accruing, as well as to suits for damages and penalties accruing under the laws respecting the payment of wages and overtime.
 
 
 12
 Id. Thus, no matter the theory or legal basis for the cause of action, the two-year statute applies.
 
 
 13
 The only Florida case we are aware of to apply a different limitation period to an employment termination case which could result in back wages is Harper v. Continental Can Co., 411 So.2d 1002 (Fla.Dist.Ct.App.1982). There the plaintiffs sought to set aside an arbitration award denying a grievance filed by the employees following their terminations. The court applied the shorter 90-day limitation period provided by the Florida Arbitration Code, Fla.Stat.Ann. Sec. 682.13 (West Supp.1983), for petitions to vacate arbitration awards, even though plaintiffs' damages might be measured partially in terms of lost wages. The court noted that to succeed plaintiff had to allege a deprivation "of procedural due process in the arbitration proceeding". 411 So.2d at 1003.
 
 
 14
 In Lake v. Martin Marietta Corp., 538 F.Supp. 725, 728-29 (M.D.Fla.1982), Judge Reed applied the Florida two-year statute to a section 301 suit under the Labor Management Relations Act of 1947, 29 U.S.C.A. Sec. 185, in which the employee claimed the employer violated a collective bargaining agreement by, among other things, discharging him without cause and without a timely statement of reasons. The court observed: "By applying the two-year statute relating to wage claims, the federal policy favoring rapid disposition of labor disputes is adequately served along with the employee's interest in a reasonable period for judicial review." Id. at 729.
 
 
 15
 McGhee contends the application of the two-year statute here is inconsistent with cases such as Braden v. Texas A & M University System, 636 F.2d 90, 94 (5th Cir.1981), in which the former Fifth Circuit applied the Texas limitation period governing tort actions for conversion of property or trespass to property to a Sec. 1983 due process claim for deprivation of a property interest in a job. The short answer is that Braden construed Texas, not Florida, law. In determining the appropriate limitation period in this case, the federal court must ascertain the period Florida law applies to this type of claim. See Beard v. Stephens, 372 F.2d at 688.
 
 
 16
 We recognize the proper approach is to first determine the essential nature of the claim under federal law and then focus on the period applicable to such a claim under state law. Id. But, as recognized in Braden v. Texas A & M University System, 636 F.2d at 92, and Shaw v. McCorkle, 537 F.2d 1289, 1292 (5th Cir.1976), the distinction between the two steps becomes blurred since the federal characterization of the claim draws heavily on state law. Goehring suggests that no matter how an employment termination suit is characterized, Florida law dictates that the two-year statute applies. McWilliams holds that even though Sec. 95.11(4)(c) may appear on its face to be limited to actions for the recovery of backpay, it applies to Sec. 1983 employment suits in which the plaintiff requests legal and equitable relief. The district court properly dismissed the action as time-barred.
 
 
 17
 AFFIRMED.