**Peggy-Gail FOREHAND, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MA-CHINES CORPORATION, Defendant.**

**No. 79–515–Orl–Civ–Y.**

United States District Court, M.D. Florida, Orlando Division.

Jan. 24, 1984.

Gary Simmons, Casselberry, Fla., for plaintiff.

Jeffrey G. Huvelle, Washington, D.C., Davisson F. Dunlap, Tampa, Fla., for defendant.

ORDER

GEORGE C. YOUNG, Senior District Judge.

Before the Court is the question of which statute of limitations provision governs plaintiff's pendant state law claim brought pursuant to the Florida Equal Pay Act, § 725.07, *Florida Statutes* (1981).

Defendant contends that the applicable statute is § 95.11(4)(c), *Fla.Stat.*, which prescribes a two-year limitations period for

---

any "action to recover wages or overtime or damages or penalties concerning payment of wages and overtime." Because the Florida Equal Pay Act, § 725.07, *Fla. Stat.*, is concerned with "payment . . . for services performed", defendant argues that the two-year limitations period under § 95.-11(4)(c), pertaining to "wages" actions, should be applied, rather than the four year limitations period generally applicable under § 95.11(3)(f), *Fla.Stat.*, to actions "founded on a statutory liability." Although apparently no Florida case has considered which limitations period is applicable to actions brought under § 725.07, *Fla. Stat.*, defendant emphasizes the Florida Supreme Court's holding in *Broward Builders Exchange, Inc. v. Goehring*, 231 So.2d 513, 515 (Fla.1970), that § 95.11(7)(b), *Fla. Stat.*—the predecessor to the present § 95.11(4)(c)—applies "to all suits for wages and overtime, however accruing, as well as to suits for damages and penalties accruing under the laws respecting the payment of wages and overtime." Defendant further points to a line of Eleventh and former Fifth Circuit cases applying the two-year limitations period in § 95.11(4)(c) to employment discrimination suits brought pursuant to 42 U.S.C. §§ 1981 and 1983. *E.g., McGhee v. Ogburn*, 707 F.2d 1312 (11th Cir.1983); *McWilliams v. Escambia County School Board*, 658 F.2d 326, 329–30 (5th Cir.1981) (Unit B); *Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1186–87 (5th Cir.1980). *But see Bennett v. Georgetown Manor, Inc.*, 452 F.Supp. 590 (S.D. Fla.1978).

The chief difficulty with defendant's position is that defendant has cited to only one of the pertinent holdings of the Florida Supreme Court in *Broward Builders Exchange, Inc. v. Goehring, supra.* Although that court, in the language quoted above, seemed to call for broad application of § 95.11(4)(c) to suits concerning "wages or overtime", it also adopted a very narrow definition of the term "wages." Indeed, the principal holding of *Broward Builders* was that an action seeking recovery of a "salary" is *not* a "suit for wages" within the intent of § 95.11(4)(c). In that case, the

plaintiff had alleged she was seeking the balance of a "yearly salary" owed her under a contract for employment as an executive. While acknowledging that the evidence might ultimately show that plaintiff was employed in a lesser capacity and working for a wage, the Court held that plaintiff's allegations that she was a salaried executive were sufficient to withstand a motion to dismiss based on the statute of limitations pertaining to "suits for wages". 231 So.2d at 514. In discussing the distinction it recognized between "wages" and "salary", the court quoted the following language from decisions of other state courts:

"Courts usually restrict the term 'wages' to sums paid as hire to domestic or menial servants and those employed in various manual occupations. On the other hand, the term 'salary' usually has reference to the compensation of clerks, *salesmen*, bookkeepers, other employees of like class and performing like services and supervisory personnel and officers of corporations, as well as public officers" . . . . "The word 'salary' imports a specific contract for a specific sum for a specified period of time, while 'wages' are compensation for services by the day or week" . . . . "The term 'wages' as distinct from 'salaries' has, especially in recent years, acquired a specific meaning. Webster defines 'salary' as follows: 'The recompense of consideration paid, or stipulated to be paid, to a person at regular intervals for services, especially to holders of official, executive, or clerical positions; fixed compensation regularly paid, as by the year, quarter, month or week; stipened—now often distinguished from wages'. Any wages are said to be, 'Pay given for labor, usually manual or mechanical, at short stated intervals, as distinguished from salaries or fees.' " . . .

231 So.2d at 514 (emphasis added; citations omitted). *See also Azaroglu v. Jordan*, 270 So.2d 422 (Fla.3d DCA 1972).

In the instant case, plaintiff Forehand claims the defendant IBM discriminated against her in its payment of her "salary".

Under the reasoning of the *Broward Builders* decision, the two-year "suit for wages" statute of limitations, § 95.11(4)(c), would govern plaintiff's claim only if her "salary," properly viewed, constituted "wages". It is clear to this Court from consideration of the above-quoted discussion, however, that the term "wages" in § 95.11(4)(c) would not include plaintiff's "salary."

■ The record reveals that the salaries of sales personnel at IBM are not based on hourly compensation, or other considerations of the sort normally associated with wages, but are paid in fixed monthly installments and calculated according to performance quotas and other criteria. Thus, under Florida law, plaintiff's "salary" is just that, and to the extent her equal pay claim is based on the level of her "salary", the claim is not a "suit for wages" governed by § 95.11(4)(c). *Broward Builders Exchange, Inc. v. Goehring, supra.*

Of the Eleventh Circuit cases applying § 95.11(4)(c) in federal employment discrimination suits, only the most recent case *McGhee v. Ogburn, supra,* expressly deals with the *Broward Builders* decision of the Florida Supreme Court. In broadly declaring that "[t]he spirit of the Florida law appears to be that employee/employer cases are governed by the two-year period", 707 F.2d at 1314, the Eleventh Circuit—like the defendant in this case—appears to have overlooked the restrictive interpretation the *Broward Builders* decision ascribed to the term "wages" in § 95.11(4)(c). As noted above, *Broward Builders* itself was an employee/employer case which for purposes of a motion to dismiss was held not to be governed by § 95.11(4)(c). In any case, without evaluating the correctness of the Eleventh Circuit's holding in *McGhee*[1] or its predecessors, suffice it to say that those decisions were concerned only with the applicable statute of limitations in federal employment discrimination suits under 42 U.S.C. §§ 1981, et seq. and therefore are not binding upon this Court in determining which statute of limitations is applicable to plaintiff's pendant state law claim.

■ Having concluded that plaintiff's claim is not governed by § 95.11(4)(c), it remains to determine which statute of limitations is properly applicable. Because the basis for plaintiff's claim, as well as the measure of damages plaintiff can recover, derive expressly and exclusively from the Florida Equal Pay Act, § 725.07, *Fla.Stat.,* the Court finds that the applicable limitations provision is the four-year statute governing actions "founded on a statutory liability", § 95.11(3)(f).[2]

In accordance with the foregoing, it is hereby

ORDERED:

1. The limitations period applicable to the pendant state law claim of plaintiff, Peggy Gail Forehand, in the above-entitled cause shall be four years.

2. Plaintiff's pendant state law claim shall be time barred as to those allegations of discriminatory acts of the defendant, IBM, occurring prior to October 12, 1975, i.e., over four years prior to the filing of this law suit on October 12, 1979.

---

**1.** It is unclear from the Eleventh Circuit's decision whether the plaintiff in *McGhee,* a "maintenance superintendent" and later a "maintenance foreman", was paid according to "wages" or a "salary", as those terms are defined in *Broward Builders Exch., Inc. v. Goehring, supra.* Although the Court speaks of *McGhee* as seeking, *inter alia,* "lost wages", 707 F.2d at 1312, as indicated above, the decision makes no ac-knowledgement of the "wages"/"salary" distinction.

**2.** *See also* § 95.11(3)(n), *Fla.Stat.* (four year limitation on "[a]n action for a statutory penalty or forfeiture"), and § 95.11(3)(p), *Fla.Stat.,* (four year limitation on "[a]ny action not specifically provided for in these statutes.")