472 So.2d 1324 (1985)
ZAC SMITH & COMPANY, INC. and Lumbermens Mutual Casualty Company, Petitioners,
v.
MOONSPINNER CONDOMINIUM ASSOCIATION, INC., Respondent.
No. BF-401.
District Court of Appeal of Florida, First District.
July 18, 1985.
Robert A. Emmanuel of Emmanuel, Sheppard & Condon, Pensacola, for petitioners.
John D. O'Brien, Panama City, for respondent.
PER CURIAM.
This cause is before us on petition for a writ of certiorari, seeking review of the trial court's denial of petitioners', Zac Smith & Company, Inc., and Lumbermens Mutual Casualty Company's, motion to stay and compel arbitration, pursuant to Section 682.03, Florida Statutes (1983), of the matters contained in the complaint of respondent, Moonspinner Condominium Association, Inc.
Respondent filed a complaint against petitioners and others in negligence and breach of contract, alleging defects in the design and construction of a condominium. In that suit, respondent condominium association claims it is a third-party beneficiary of the construction contract between Zac Smith & Company, Inc. and Gulf Moon Corporation. Petitioners moved in the trial court for a stay and to compel arbitration, alleging that respondent was bound by an arbitration provision in the construction contract between petitioner and Gulf Moon Corporation, the contract to which respondent alleges it is a third-party beneficiary. The trial court denied petitioners' motion on the ground that the third-party beneficiary was not required to abide by the arbitration clause contained in the contract.
On appeal, the issue presented is whether an arbitration clause in a contract is binding on a third-party beneficiary. We hold that it is. A third-party beneficiary's rights depend upon, and are measured by, the terms of the contract between the promisor and the promisee. 17 Am.Jur.2d Contracts § 315 (1964).
"Where the contract contains an arbitration clause which is legally enforceable, the general view is that the beneficiary is bound thereby to the same extent that the *1325 promisee is bound." 2 Williston on Contracts (3d ed.) § 364A (1959).[1]
We hold that Section 682.03, Florida Statutes (1983),[2] applies to third-party beneficiaries to a contract containing an arbitration clause, such as in the instant case, and subjects the third-party beneficiary to the arbitration agreement.
Accordingly, the writ is granted, the order denying the motion for stay and to compel arbitration is quashed, and the cause is remanded for proceedings consistent herewith.
BOOTH, C.J., and WIGGINTON and BARFIELD, JJ., concur.
NOTES
[1] In Harper v. Continental Can Company, 411 So.2d 1002 (Fla. 5th DCA 1982), the court held:

Section 13.10 of the master collective bargaining Agreement, under which appellants sought review of the prior dispute settlement procedure, provides that the arbitrator's decision will be binding on the parties. As third-party beneficiaries of the agreement, appellants have the same rights with the same limitations as promisee  union, and, since the union could proceed in arbitration, including moving to set aside an arbitration decision, appellants, as employees and beneficiaries, could do likewise.
[2] Section 682.03, Florida Statutes, in pertinent part:

(1) A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration in accordance with the terms thereof.