Charles F. SPENCER, et al., Plaintiffs,

v.

PUERTO RICO MARINE MANAGEMENT, INC., et al., Defendants.

No. 85–801–Civ–J–12.

United States District Court, M.D. Florida, Jacksonville Division.

Sept. 9, 1986.

Neil C. Taylor, Robert E. Warren, Richard K. Jones, Taylor, Moseley & Joyner, Jacksonville, Fla., for plaintiffs.

Gary A. Bubb, M. Lee Fagan, Toole, Bubb & Beale, Amy Loeserman Klein, William E. Cohen, Short, Klein & Karas, Washington, D.C., for defendants.

## ORDER

MELTON, District Judge.

This cause is before the Court on the following motions: plaintiffs' motion for partial summary judgment; defendants' motion for partial summary judgment; and defendants' motion to refer its Shipping Act defense to the Federal Maritime Commission. All three of these motions were filed on May 30, 1986, and timely responses have been filed as to each. Additionally, on August 6, 1986, plaintiffs filed a supplemental memorandum to their motion for partial summary judgment on the issue of collateral estoppel and defendants filed a response thereto on August 7, 1986. In the Order which follows, the Court will address the above-noted motions *seriatim*.

I. *Plaintiffs' Motion for Partial Summary Judgment*

Plaintiffs have moved for summary judgment on the matter of defendants' liability in the present action. Plaintiffs contend that they are "entitled to a judgment as a matter of law based on the clear reading of the collective bargaining agreements" from which this suit arises. Defendants oppose plaintiffs' motion, arguing that they should have a chance to establish at trial that the proper interpretation of the collective bargaining agreements is based, in part, on the parties' course of conduct and performance. Upon due consideration, the Court believes that, taking into account the matter of the parties' course of performance, disputed issues of material fact exist as to the meaning of the collective bargaining agreements. The existence of such disputed facts, of course, precludes the entry of summary judgment. *See Ralph's Distributing Co. v. AMF, Inc.*, 667 F.2d 670 (8th Cir.1981) (summary judgment denied because parties' course of performance under contract raised disputed factual issues as to its proper interpretation).

The Court's decision to deny plaintiffs' motion for partial summary judgment is not affected by the matters raised in plaintiffs' supplemental memorandum. Here plaintiffs argue that defendants are collaterally estopped from contesting liability in the present suit based on an arbitration award rendered by the Management-International Longshoremen's Association Emergency Hearing Panel ("EHP") and confirmed by the United States District Court of New Jersey in *International Longshoremen's Association, AFL–CIO v. Puerto Rico Marine Management, Inc.*, No. 86–1489 (D.N.J. June 16, 1986) [Available on WESTLAW, DCTU database]. In said award, the arbitrators found that "PRMMI is liable for the payment of container royalties on northbound and southbound cargo in the ports of Charleston and Jacksonville for the period of October 1, 1977 to July 31, 1985." *See* Exhibit B to Plaintiffs' Supplemental Memorandum on the Issue of Estoppel, etc.

It is settled law that where the "application of offensive collateral estoppel would be unfair to a defendant, a trial judge should not allow [its] use." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 522 (1979). In light of the facts surrounding the issuance of the EHP award, the Court believes that the award cannot fairly be used as a basis for collateral estoppel. This is particularly true in light of the fact that defendants contested the jurisdiction of the EHP from the outset and thus did not participate in the arbitration hearing. See Exhibits 4–9 to Defendants' Supplemental Memorandum in Opposition to Plaintiffs' Supplemental Memorandum, etc. Based on all of the foregoing, plaintiffs' motion for partial summary judgment will be denied.

## II. *Defendants' Motion for Partial Summary Judgment*

In the amended complaint filed on May 8, 1986, plaintiffs seek to recover unpaid royalties on northbound cargo shipped by defendants to the port of Jacksonville from October 1, 1977, to the present. Plaintiffs contend that these royalties are owed to them under the operative collective bargaining agreements which require certain employers of longshore labor to pay three separate container royalty assessments of $1 per gross ton. As can be discerned from the discussion in section one of this Order, defendants have contested their liability to plaintiffs and have filed an answer to that effect, which also contains several affirmative defenses. In addition, defendants have filed a motion for partial summary judgment seeking a legal determination of two matters.

First, defendants note that prior to February 12, 1984, $1 of the $3 sought by plaintiffs was paid directly to South-Atlantic International Longshoremen's Association Employers District Escrow Fund ("DEF"). Thus, defendants contend that plaintiffs have no standing to sue for this $1 assessment for time periods prior to February 12, 1984. Indeed, defendants

note that the DEF has filed a separate lawsuit to recover this royalty assessment for the time period October 1, 1977, to February 12, 1984. *See Wise v. PRMSA* C.A.–85–4527ST (D.N.J. filed September 19, 1985) (copy attached to Klein Affidavit as Exhibit 3). While plaintiffs do not directly address this claim in their response to defendants' motion, Item 32 under the Stipulated Facts section of the Pretrial Stipulation states that "Plaintiffs are seeking to recover by this lawsuit royalties in the amount of $2 per gross ton for periods prior to February 12, 1984 and $3 per gross ton for periods subsequent to that date." Thus, it would appear that plaintiffs have conceded defendants' position on this question and the Court need not address the matter further.

The second argument raised by defendants concerns the applicable statute of limitations for an action to collect the $2 royalty assessment which has always been directly payable to plaintiffs. Because this suit is brought under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1982), and § 502 of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 (1982), and because neither statute contains an express statute of limitations, the limitations period is determined by reference to the applicable statute of limitations of the state in which the court is sitting. *See, e.g., International Union, U.A.W. v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (LMRA); *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan,* 713 F.2d 247 (7th Cir.1983) (ERISA). Defendants argue that the appropriate statute of limitations is set forth in Fla.Stat. § 95.11(4)(c) (1985), which requires that actions to recover wages be brought within two years. Defendants thus contend that plaintiffs are barred from seeking payment of the $2 assessment for any time before May 7, 1983, two years prior to the date of their complaint. Plaintiffs contest defendants' characterization of this lawsuit as an action to collect wages. Instead, plaintiffs contend that this is an action under a written contract

and, as such, is subject to the five-year statute of limitations under Fla.Stat. § 95.-11(2)(b) (1985)..

■ After extensive review of the authorities cited in the litigants' memoranda, the Court has concluded that the two-year statute of limitations contained in Fla.Stat. § 95.11(4)(c) (1985) is applicable in the case *sub judice*. *See Teamsters Pension Trust Fund v. John Tinney Delivery Service, Inc.*, 732 F.2d 319, 322–23 (3d Cir.1984) (in action by trust fund to enforce collective bargaining agreement under LMRA, court applied three-year statute of limitations in Pennsylvania's Wage Payment and Collection Law, rather than the six-year statute of limitations governing actions on written contracts); *McGhee v. Ogburn*, 707 F.2d 1312, 1313–15 (11th Cir.1983) (in applying Fla.Stat. § 95.11(4)(c) (1985) to an employment discrimination case brought under 42 U.S.C. § 1983 (1982), the court found that the "spirit of the Florida law appears to be that employee/employer cases are governed by the two-year period."), *new approach to § 1983 claims taken in Jones v. Preuit & Mauldin*, 772 F.2d 918 (11th Cir. 1985); *Bell v. Aerodex, Inc.*, 473 F.2d 869, 872 (5th Cir.1973) (in action under Military Selective Services Act to recover wages allegedly due under applicable collective bargaining agreements, Florida's statute of limitations for collection of wages properly applied), *superseded by statute as stated in Stevens v. Tennessee Valley Authority*, 712 F.2d 1047, 1054 (6th Cir.1983); *Corkery v. SuperX Drugs Corp.*, 602 F.Supp. 42, 45 (M.D.Fla.1985) (in discrimination suit brought under ERISA, court rejected five-year statute of limitations under Fla.Stat. § 95.11(2)(b) (1985) for contract actions and instead applied two-year statute of limitations for wage actions); *Lake v. Martin Marietta Corp.*, 538 F.Supp. 725, 728–29 (M.D.Fla.1982) (court applied two-year wage claim statute of limitations to action by discharged employee under LMRA, stating that by doing so, "the federal policy favoring rapid disposition of labor disputes is adequately served along with the employee's interest in a reasonable period for judicial review"), *aff'd sub nom. Rogers v.*

*Lockheed-Georgia*, 720 F.2d 1247 (11th Cir. 1983), *cert. denied*, 469 U.S. 916, 105 S.Ct. 292, 83 L.Ed.2d 227 (1984). *But cf. Forehand v. International Business Machines Corp.*, 586 F.Supp. 9, 10–11 (M.D.Fla.1984) (wage claim statute of limitations inapplicable to case brought by salaried individual under Florida Equal Pay Act; broad statements by Eleventh Circuit on applicability of wage claim statute of limitations indicate that Florida Supreme Court's restrictive interpretation of the term "wages" has been overlooked), *aff'd*, 783 F.2d 204 (11th Cir.1986).

Based on the foregoing discussion, defendants' motion for partial summary judgment will be granted. Consequently, plaintiffs' claim for unpaid royalties will be restricted to $2 per gross ton from May 7, 1983, to February 12, 1984, and $3 per gross ton from that date forward.

III. *Defendants' Motion to Refer Shipping Act Defense to Federal Maritime Commission*

In defendants' eighth affirmative defense, defendants charge that the "Grant of relief sought by plaintiffs would impose charges which are unjustly discriminatory and unfair as between carriers, shippers and ports in violation of the Shipping Act of 1984, 46 U.S.C. § 1704(d)." Citing the unique and particularly complex nature of this affirmative defense, defendants now seek to have the defense referred to the Federal Maritime Commission ("FMC") for resolution. In making this motion, defendants rely on the doctrine of primary jurisdiction, which requires courts to refer certain types of claims to administrative agencies in order to promote the proper relationship between the judicial branch and various administrative bodies. Plaintiffs oppose such a reference, contending that the affirmative defense is not properly cognizable by the FMC. After careful review of the applicable authorities, the Court has determined that, as to the second royalty payment sought by plaintiffs, defendants have raised a bona fide affirmative defense

which should be considered by the FMC. The Court's rationale for this decision follows below.

■ In order to establish a genuine defense under the Shipping Act, defendants must show that the portions of the collective bargaining agreements setting forth the container royalty requirements are "assessment agreements." In 46 U.S.C. § 1702(3), a two-part definition of the term "assessment agreement" is set forth: (1) that the agreement provide for the funding of fringe benefits; and (2) that the assessment not be collected on a uniform man-hour basis. A review of the nature of the three royalty payments which are the subject of this litigation reveals that the second payment meets the above criteria. The second payment is utilized for the purpose of financing guaranteed annual income, vacation, and holiday benefits to longshoremen. *See* Exhibit 2, ¶ 3(B) of the Klein Affidavit, attached to Defendants' Motion for Partial Summary Judgment. This is in contrast to the first and third royalty payments which are used for supplemental cash benefits and disbursements to the members of the International Longshoremen's Association. *See* § 3(B)(1)(B) of Exhibits A, B and C to the Amended Complaint. Furthermore, the second royalty payment is collected on a tonnage, rather than man-hour basis. Thus, in the opinion of the Court, the second royalty payment qualifies as an assessment agreement subject to review under the Shipping Act.

■ This finding alone is not enough to mandate referral of the Shipping Act defense to the FMC. Plaintiffs have raised two other objections to such referral. First, plaintiffs contend that the Shipping Act defense is barred by the Act's limitation period. Plaintiffs note that under 46 U.S.C. § 1704(d), any complaint concerning an assessment agreement must be filed with the FMC within two years of the date of such agreement. Since the agreement here challenged was entered into on October 19, 1983, plaintiffs argue that defend-

ants are now barred from raising a defense under the Shipping Act.

The Court believes that defendants have successfully countered this argument by citation to *United States v. Western Pacific Railroad Co.*, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). In this case, the Supreme Court held that the statute of limitations for complaints to the Interstate Commerce Commission did not bar reference to the Commission of questions raised by way of defense. In so holding, the Court stated:

> [The Act's statute of limitations] does not deal with referral of questions to the Commission incident to judicial proceedings. On its face it has to do only with the commencement of actions or reparation proceedings before the Commission. There is therefore no language which militates against the conclusion that the statute does not apply to referrals. More important, the basic policy behind statutes of limitations has no relevance to the situation here. The purpose of such statutes is to keep stale litigation out of the courts. They are aimed at lawsuits, not at consideration of particular issues in lawsuits. Here the action was already in court and held to have been brought in time. To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation. We think it would be incongruous to hold that once a lawsuit is properly before the court, decision must be made without consideration of all the issues in the case and without the benefit of all the applicable law. If this litigation is not stale, then no issue in it can be deemed stale.

352 U.S. at 72, 77 S.Ct. at 169. Application of this reasoning to the case *sub judice* renders plaintiffs' statute of limitations argument meritless.

■ Plaintiffs also complain that a referral to the FMC would be impractical and costly given the circumstances of this case. In making this argument, plaintiffs cite to *Mississippi Power & Light Co. v. United*

*Gas Pipe Line Co.,* 532 F.2d 412, 419 (5th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977), wherein the court stated: "The courts should be reluctant to invoke the doctrine of primary jurisdiction, which often, but not always, results in added expense and delay to the litigants where the nature of the action deems the application of the doctrine inappropriate." While the Court is ever mindful of concerns regarding judicial efficiency, there are several factors present in this case which militate in favor of referral of the Shipping Act defense. To begin with, the defense involves the type of issue that courts have traditionally referred to the FMC under the doctrine of primary jurisdiction. *See, e.g., Volkswagenwerk Aktiengesellschaft v. FMC,* 390 U.S. 261, 267, 88 S.Ct. 929, 932, 19 L.Ed.2d 1090 (1968). Indeed, the United States Supreme Court stated that a case involving the legality of an agreement under the Shipping Act was "an almost classic case for engaging the doctrine." *Port of Boston Marine Terminal Association v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 68, 91 S.Ct. 203, 208, 27 L.Ed.2d 203 (1970).

Second, the resolution of defendants' Shipping Act defense will involve a number of specialized and complicated factual determinations. In such a case, the FMC's expertise on the Shipping Act will ensure that the correct result is obtained. In addition, defendants note that they have raised a similar defense in two other pending cases and that they intend to seek referral in these cases as well. Thus, reference of the defense in this case may help to avoid inconsistent adjudication of these essentially identical defenses and thereby further uniform application of the Shipping Act.

Finally, in order to minimize the inconvenience of such a referral, the Court will stay only that part of the case affected by the Shipping Act defense. Since the Court has determined that only the second royalty payment is an assessment agreement, the FMC cannot consider plaintiffs' right to the first and third royalty payments. Thus, this case will go to trial as scheduled on the matter of defendants' liability for the first and third royalty payments from May 7, 1983, to the present. On the matter of defendants' liability for the second royalty payment from February 12, 1984, to the present, however, the case will be stayed pending consideration of defendants' Shipping Act defense by the FMC.

Accordingly, it is

ORDERED AND ADJUDGED:

1. That plaintiffs' motion for partial summary judgment is hereby denied;

2. That defendants' motion for partial summary judgment is hereby granted. Plaintiffs' claim for unpaid royalties is restricted to the following periods: from May 7, 1983, to the present for the first and third royalty payments and from February 12, 1984, to the present for the second royalty payment; and

3. That defendants' motion to refer their Shipping Act defense to the FMC is hereby granted. All aspects of this case dealing with defendants' liability for the second royalty payment are stayed, pending consideration of the Shipping Act defense by the FMC. The balance of this case will be tried as currently scheduled.