Richard Emory **GRAY**, Plaintiff,

v.

**GREYHOUND RETIREMENT AND DISABILITY TRUST**, Defendant.

No. 88–917–Civ–J–16.

United States District Court, M.D. Florida, Jacksonville Division.

Jan. 31, 1990.

William J. Roberts, Lake City, Fla., for plaintiff.

Lawrence J. McNamara, Washington, D.C., Lamar Winegeart, III, Jacksonville, Fla., for defendant.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

JOHN H. MOORE, II, District Judge.

This cause is before the Court on the motion of defendant, GREYHOUND RE-

TIREMENT AND DISABILITY TRUST (Plan or Trust)[1], for summary judgment. The plaintiff, RICHARD EMORY GRAY, has responded opposing the motion. After consideration of the entire record, the Court concludes that summary judgment is appropriate and should be granted in favor of the Trust.

This case is one governed by the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1461, and is brought by Mr. Gray pursuant to 29 U.S.C. § 1132(a)(1)(B), as a participant in an employee benefit plan, to recover benefits allegedly due him under the terms of his plan. Mr. Gray originally filed suit in state court; however, the Trust removed the case to this Court pursuant to 28 U.S.C. § 1441(b). Jurisdiction is granted in this case by virtue of 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).[2]

The Trust's motion for summary judgment presents two issues for consideration by the Court. First, whether this suit is barred by an applicable statute of limitations. Second, whether a decision made by the Trustees of the Plan to deny Mr. Gray's request for a recalculation of benefits was arbitrary and capricious, and thus, contrary to the requirements of ERISA. Because the Court resolves the first issue against Mr. Gray, it is unnecessary to reach a determination as to the latter issue.

### FACTS

The following facts are not in dispute. Mr. Gray is a retired former employee of Greyhound Lines, Inc. (Greyhound), and a participant in the Plan, which is an employee benefit plan within the meaning of 29 U.S.C. § 1002(3). During his years with Greyhound, Mr. Gray also served as financial secretary for several years for the Amalgamated Transit Union, Local 1326. One of Mr. Gray's duties as financial secretary for the Union was to make monthly reports to the Greyhound payroll department of "eligible earnings" of employees in order that pension credit for such earnings could be determined. Mr. Gray earned money from the Local 1326 for the duties he performed as a financial secretary.

Although the money he earned as financial secretary for the Union qualified as "eligible earnings" to be included in the monthly reports to the Greyhound payroll department for pension credit, Mr. Gray failed to include the money he earned as a Union officer in those monthly reports. As a result, the payroll department did not factor money received by Mr. Gray from the Union for service as financial secretary in calculating the pension benefits he would be eligible to receive upon retirement.

Mr. Gray retired from Greyhound on July 31, 1983. At his retirement party, Mr. Gray overheard a conversation between International Vice–President Ernest Collette and John Brinker, Gray's replacement as the Local 1326 financial secretary, in which Mr. Collette told Mr. Brinker "to be sure to include his salary as financial secretary to the company for pension purposes." Gray Deposition, pp. 21–22. Mr. Gray also testified in his deposition that he was surprised at this statement because he had never submitted his salary as a financial secretary to his employer for pension credit.

Over a year later, on August 21, 1984, Mr. Gray wrote to the Board of Trustees of

---

1. The successor plan to the Greyhound Retirement and Disability Trust is the Greyhound Lines, Inc.–Amalgamated Council Retirement and Disability Trust. All assets of the Trust were transferred to the successor on or about May 10, 1988. The Trust indicated that it was amenable to an amended complaint to reflect this change, see Defendant's Answers to Court's Standard Interrogatories, No. 1, filed February 8, 1989; however, the plaintiff has never moved to amend. Regardless, this cause has proceeded to a decision on the merits, and the transfer of assets will have no bearing on the disposition of this case.

2. Although Mr. Gray's complaint filed in state court cites to § 1132(e) as the jurisdictional foundation for his claim, he states that the actions of the Trust violated 26 U.S.C. §§ 401, 411 and 501(a). *See* Complaint para. 9; *see also* Plaintiff's Answers to Court's Standard Interrogatories, No. 1, filed January 20, 1989. Title 26, U.S.C., of course, is the Internal Revenue Code. The sections of Title 26 cited by Mr. Gray as being violated relate to the definitions and treatment of employee benefit plans and trusts for tax purposes. Those statutes are inapplicable here, where Mr. Gray is attempting to recover pension benefits that have been denied him.

the Plan and advised them that he had been unaware during his employment that his salary as financial secretary of the Union could be calculated as "eligible earnings" into his pension and requested that his pension be recomputed to reflect those earnings. The Plan Trustees' Sub–Committee denied Mr. Gray's request and advised him of its decision by a letter of December 5, 1984, from Edward A. Ploski, the Plan Administrator. On January 14, 1985, Mr. Gray appealed the Sub–Committee's decision. The full Board of Trustees denied Mr. Gray's claim on May 20, 1985, and Mr. Ploski advised him of that decision by a letter of the same date. The parties have stipulated that as of May 20, 1985, Mr. Gray had actual knowledge that his claim had been finally denied. *See*, Joint Pre–Trial Stipulation, pp. 8–9, filed December 27, 1989.

### Conclusions of Law

The first argument asserted by the Plan in its motion for summary judgment is that Mr. Gray's claim is barred by an applicable statute of limitations. First, it argues that Mr. Gray's cause of action accrued as of May 20, 1985, because that is the date on which the Board of Trustees finally denied his claim. Secondly, the Plan argues that this Court should apply ERISA's only statute of limitations, 29 U.S.C. § 1113, which applies to actions for breach of fiduciary duty and provides for a three-year limitation period in cases where the plaintiff has actual knowledge of the breach or violation, citing *Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 172, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). Alternatively, the Plan argues that if this Court decides to adopt the most analogous state law limitations period, it should adopt Florida Statute § 95.11(4)(c), which allows for a two-year limitations period on actions to "recover wages or overtime or damages or penalties concerning payment of wages and overtime."

Mr. Gray argues that his cause of action did not accrue on May 20, 1985, the day he

had actual notice of the Trustees' final decision to deny his claim, but rather accrued when his successor in office, Mr. Brinker, had retired and actually received pension benefits calculated in part on Mr. Brinker's salary as financial secretary of the Union. Mr. Gray contends that until this event, some time in early 1987, he could not be positive that the Trustees had breached a contract with him. Mr. Gray also apparently argues that a letter he wrote to the Board of Trustees requesting reconsideration, dated July 29, 1987, and a denial of that reconsideration dated September 28, 1987, coupled with a further request on Mr. Gray's behalf submitted by his attorney which was denied on February 23, 1988, acted to forestall the running of the limitations period. Additionally, Mr. Gray argues that the most closely analogous state statute of limitations is contained in Florida Statute § 95.11(2)(b), which provides for a five-year limitation period for an action based on a "contract, obligation, or liability founded on a written instrument," and is the statute this Court should adopt in determining the timeliness of this action.

After consideration of these arguments and the pertinent case law, the Court determines that Mr. Gray's claim was not timely filed. Initially, the Court agrees with the Plan that Mr. Gray's cause of action accrued and the statute of limitations began running on May 20, 1985. A cause of action based on ERISA arises when an application for benefits is denied. *Paris v. Profit Sharing Plan*, 637 F.2d 357, 361 (5th Cir. Feb. 17, 1981)[3]; *Jenkins v. Local 705*, 713 F.2d 247, 252 (7th Cir. 1983). Mr. Gray stated in his deposition that he understood the letter of May 20, 1985, to finally dispose of his appeal. *See* Gray Deposition at pp. 47–50; Exhibit 7. Moreover, the Plan specifically provides that in its administration of the Pension Plan and Trust Fund the Board of Trustees shall have the power to make decisions concerning the provisions of the Plan and that "[a]ll interpretations, determinations,

---

**3.** *Paris* is binding precedent for this Court as it was decided prior to October 1, 1981. *See Bon-*

*ner v. City of Pritchard, Ala.,* 661 F.2d 1206, 1209 (11th Cir.1981).

and decisions of the Board in respect of any matter hereunder will be final, conclusive, and binding upon the Company, employees, spouses, beneficiaries and all other persons claiming any interest in the Plan." *See* Greyhound Retirement and Disability Trust, Plan and Summary Description, 1977 Edition, § 4(c)(3) pp. 21–22, submitted as Exh. A to the Declaration of Edward A. Ploski, filed December 22, 1989, and the supplement thereto, filed January 22, 1990. This provision quite clearly provides that a decision regarding administration of the Plan by the Board of Trustees is final, and that is exactly what Mr. Gray received by way of the letter dated May 20, 1985.

Mr. Gray's arguments to the contrary are without merit. His contention that his right to have his salary as the financial secretary of the Union considered in calculating his pension benefits did not become clear until early 1987, when Mr. Brinker began receiving such benefits, is simply meritless. If this Court were to adopt such a rule for determining the accrual of a cause of action under ERISA it would be inconsistent with clear authority holding that a cause of action accrues when a claim for benefits is denied. *Paris* at 361. The obvious trigger point is action by the Trustees entrusted with administering the Plan in denying the claim, and that could not have been more clearly laid out in this case. The same applies to Mr. Gray's argument concerning his letter for reconsideration. There is no provision in the Plan which allows for petitioning the Board of Trustees to reconsider a final decision. It should be noted that Mr. Gray's letter requesting reconsideration was submitted over two years after the Trustees' denial of his claim. Allowing such actions to effectively toll the running of the statute of limitations by forestalling the accrual date of the cause of action in the absence of a provision in the plan allowing for such a reconsideration would defeat the whole purpose of statutes of limitations.

■ Having concluded that the limitations period on Mr. Gray's claim began running on May 20, 1985, the Court now turns to its consideration of which statute of limitations should apply to this cause. Initially, the Court rejects the argument of the Plan that 29 U.S.C. § 1113(a) should apply. That section only applies to actions commenced with respect to a fiduciary's breach of responsibility. Recognizing as much, the Plan argues that Congressional intent and the policy of uniformity indicate that there should be one statute of limitations for all alleged violations of ERISA. The Plan cites to language in *Del Costello, supra,* in support of its argument wherein the Supreme Court stated:

> [A]s the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods. Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

462 U.S. at 171–72, 103 S.Ct. at 2294. Although the argument is appealing, the Eleventh Circuit, in fashioning a federal common law under ERISA, see *Pilot Life Ins. v. Dedeux,* 481 U.S. 41, 107 S.Ct. 1549, 1558, 95 L.Ed.2d 39 (1987), has consistently looked to the most analogous state law statute of limitations for the governance of suits brought pursuant to ERISA's civil enforcement provisions. *Clark v. Coats & Clark, Inc.,* 865 F.2d 1237 (11th Cir.1989). Cases in the Middle District of Florida have followed the same analysis under similar circumstances. *Spencer v. Puerto Rico Marine Management,* 644 F.Supp. 172, 175 (M.D.Fla.1986); *Corkery v. Super X Drugs Corp.,* 602 F.Supp. 42, 45 (M.D.Fla.1985).

■ In deciding which state law statute of limitations should apply the Court must first determine the essential nature of the claim being asserted. *Clark,* at 1241; *see also McGhee v. Ogburn,* 707 F.2d 1312 (11th Cir.1983). In *Clark,* the Court ruled that "[i]n order to characterize the nature of the claims at issue, the statute giving rise to the rights asserted must be exam-

ined." At issue in *Clark* was an alleged violation of section 510 of ERISA, 29 U.S.C. § 1140. Section 510 makes it unlawful for any person to retaliate against a participant or beneficiary of an employee benefit plan by discharging, fining, suspending, expelling, disciplining, or discriminating against them for the exercise of any rights as defined by ERISA. The plaintiffs claimed that they had been terminated for the purpose of interfering with the attainment of pension and retirement benefits. They sought to recover lost wages and to have their rights to pension benefits reinstated. In considering Section 510, the Court concluded that although the claims were founded on contract principles, the most closely analogous statute of limitations in Georgia was the statute relating to the recovery of wages and enforcement of statutory rights, O.C.G.A. § 9–3–22. In rejecting the argument that the more general statute governing actions upon "simple contracts in writing" should apply, the Court reasoned that the focus of § 9–3–22 "much more narrowly and specifically contemplates the action" under review. Since the Georgia statute of limitations applied by the Court provided for a dual limitations period, a two-year period for wages and a twenty-year period for equitable enforcement of statutory rights, the Court applied the two-year period to the claims seeking back wages and the twenty-year period to the claims for reinstatement of pension rights.

In this case the Court is confronted with a claim seeking a recalculation of pension benefits based on an improper reporting of Mr. Gray's salary to his employer. Although it is obvious that this case is brought pursuant to the civil enforcement provision of ERISA to recover benefits allegedly due to Mr. Gray, 29 U.S.C. § 1132(a)(1)(B), he does not cite to any other statutory provision of the Act which would govern this action other than to state that "[t]he case at bar is one for breach of contract alleging arbitrary, illegal, capricious, unreasonable discrimination, and bad faith on behalf of the Defendant, and is not a suit against a fiduciary for a breach of his duty." *See*, Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, at p. 7. With these considerations in mind the Court will attempt to characterize the claim in issue.

As previously noted, Mr. Gray is seeking a recalculation of his pension benefits. The reason for seeking such a recalculation is, admittedly, Mr. Gray's own failure in not reporting his salary as a Union official to his employer. In determining which statute of limitations is appropriate for such an action, the Court is mindful of the Eleventh Circuit's statement in *McGhee* that "the federal characterization of the claim draws heavily on state law." 707 F.2d at 1315. The *McGhee* Court adopted Florida's two-year statute of limitations for the recovery of wages and applied it to an alleged unlawful termination of employment action brought pursuant to 42 U.S.C. §§ 1981 and 1983.

In *Corkery*, the district court applied the rationale of *McGhee* in adopting Florida's two-year statute for a termination of employment case brought pursuant to ERISA § 510. This Court concludes as well that Florida Statute § 95.11(4)(c) should be applied to the facts of this case as the most closely analogous state statute of limitations. In rejecting Mr. Gray's argument that Florida Statute § 95.11(2)(b) should apply, it is important to note that there is no dispute here over an interpretation of a contractual provision. The Plan acknowledges that had Mr. Gray timely reported his Union salary as an "eligible earning" it would have been calculated in determining his pension credit. The Plan's objection is having to make a retroactive determination of benefits, and that is the basis on which Mr. Gray's claim was rejected. If this case presented a dispute over a specific contractual provision, application of Florida's 5–year statute of limitations might be appropriate. However, that is not the case.

Although the fit is not exact, the recalculation of pension benefits sought by Mr. Gray would be based on wages earned during his employment as financial secretary for the Union. *See, e.g., United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 101

S.Ct. 1559, 67 L.Ed.2d 732 (1981). If this Court were to grant relief to Mr. Gray, it would necessitate a refiguring of his appropriate "eligible earnings" and then a recalculation of benefits based on the new earnings figure. Such relief, in this Court's opinion, is more closely related to an action for the recovery of wages that have been wrongfully denied than it is to an action founded on a written instrument. Additionally, as the Court in *McGhee* ruled, the Florida two-year statute has been construed to be much broader than the wording of that statute might indicate. *See e.g., Broward Builders Exchange, Inc. v. Goehring,* 231 So.2d 513 (Fla.1970). Accordingly, it is this Court's ruling that Florida Statute § 95.11(4)(c) prescribes the appropriate limitations period to be applied in this case as it is much more narrowly focused for the relief sought than the more general statute governing contract actions. *Clark* at 1242.

Mr. Gray's claim, therefore, is barred as untimely. Since his cause of action accrued on May 20, 1985, and since he did not commence this proceeding until August 16, 1988, his claim cannot be heard. Accordingly, on this ground, the Court will grant defendant's motion for summary judgment and enter judgment against the plaintiff.

As previously discussed, given this disposition of the case, it is unnecessary for this Court to reach consideration of whether the action of the Trustees in denying Mr. Gray's claim was arbitrary and capricious.

For the foregoing reasons, it is now

ORDERED AND ADJUDGED:

That the defendant's motion for summary judgment is hereby GRANTED, and the Clerk of the Court is hereby directed to enter judgment in favor of the defendant and against the plaintiff.

DONE AND ORDERED.