[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15316
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00249-CV-ORL-31-JGG

GARETH S. GELINAS,
JEFFREY T. GELINAS, et al.,

Plaintiffs-Appellants,

versus

ACCELERATED BENEFITS CORPORATION,
AMERICAN TITLE COMPANY OF ORLANDO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 5, 2005)

Before HULL, WILSON and COX, Circuit Judges.

PER CURIAM:

Plaintiffs appeal the judgment of the district court awarding attorneys' fees in favor of Defendant, American Title Co. Of Orlando ("ATCO"). Plaintiffs do not challenge the district court's finding that they were third-party beneficiaries of the Trust Agreement and Escrow and Closing Agreements between ATCO and Accelerated Benefits Corp. In fact, Plaintiffs proceeded on that theory below. As a third-party beneficiary of those agreements, Plaintiffs are subject to all the equities and defenses that would be available against the promisee. *See Zac Smith & Co. v. Moonspinner Condo. Ass'n*, 472 So. 2d 1324, 1324 (Fla. Dist. Ct. App. 1985) ("A third-party beneficiary's rights depend upon, and are measured by, the terms of the contract between the promisor and the promisee."); *see also* 17A AM. JUR. 2D *Contracts* § 449 (2004). We therefore conclude that it was not error for the district court to award ATCO attorneys' fees on the ground that Plaintiffs were liable for such fees pursuant to the fee-shifting provision found in the Escrow Agreement.

**AFFIRMED.**