231 So.2d 513 (1970)
BROWARD BUILDERS EXCHANGE, INC., Petitioner,
v.
Lily GOEHRING, Respondent.
No. 38746.
Supreme Court of Florida.
January 28, 1970.
Rehearing Denied March 9, 1970.
Gaylord A. Wood, Jr., of Rogers, Morris & Ziegler, Fort Lauderdale, for petitioner.
Ronald Fitzgerald, of Fleming, O'Bryan & Fleming, Fort Lauderdale, for respondent.
PER CURIAM.
On certiorari to the District Court of Appeal for the Fourth District. Respondent (Plaintiff) brought suit in the trial court to recover the balance of monies which she claims is owed her under an employment contract. Petitioner (Defendant) allegedly breached said contract by wrongful discharge of Plaintiff before the expiration of the term of employment. The monies sought are the unpaid balance of her agreed yearly salary. Defendant interposed the defense of the Statute of Limitations, F.S. § 95.11(7) (b), and moved for dismissal. The trial court, relying on Buenger v. Kennedy, Fla.App., 151 So.2d 463, dismissed respondent's complaint with prejudice, holding that the cause was barred by the one year limitation on suits for wages contained in F.S. § 95.11(7) (b). Respondent appealed to the District Court of Appeal for the Fourth District. Said court reversed the lower court, Goehring v. Broward Builders Exchange, Fla.App., 222 So.2d 801, holding that the provisions of *514 F.S. § 95.11(7) (b) did "not apply to actions for the recovery of wages accruing under a contract" (emphasis in the original), and remanded the cause for further proceedings. Petitioner (Defendant) seeks certiorari under this court's conflict jurisdiction.
At the outset it should be noted that there is a simple proposition of law upon which this cause could have been decided. In her complaint, Plaintiff has contended that she is seeking the balance of a "yearly salary" owed her under a contract for employment as an executive. While some jurisdictions have held that, at least in certain contexts, "salary" and "wages" are synonymous, the cases are legion in which a distinction is made between the two, in the following terms:
"Courts usually restrict the term `wages' to sums paid as hire to domestic or menial servants and those employed in the various manual occupations. On the other hand, the term `salary' usually has reference to the compensation of clerks, salesmen, bookkeepers, other employees of like class and performing like services and supervisory personnel and officers of corporations, as well as public officers." (Norman v. Goldman, Del.Super., 4 Storey 45, 173 A.2d 607, 1961, and cases cited therein; Speilberger Bros. v. Brandes, 3 Ala.App. 590, 58 So. 75, 1912; Massie v. Cessna, 239 Ill. 352, 88 N.E. 152, 28 L.R.A.(NS) 1108, 1909; Matter of Stryker, 158 N.Y. 528, 53 N.E. 525, 1899, all to the same effect.) "The word `salary' imports a specific contract for a specific sum for a specified period of time, while `wages' are compensation for services by the day or week." (Blick v. Mercantile Trust & Deposit Co., 113 Md. 487, 77 A. 844, 1910). "The term `wages' as distinct from `salaries' has, especially in recent years, acquired a specific meaning. Webster defines `salary' as follows: `The recompense or consideration paid, or stipulated to be paid, to a person at regular intervals for services, especially to holders of official, executive, or clerical positions; fixed compensation regularly paid, as by the year, quarter, month or week; stipend  now often distinguished from wages.' Any wages are said to be, `Pay given for labor, usually manual or mechanical, at short stated intervals, as distinguished from salaries or fees.'" (State v. Ash, 53 Ariz. 197, 87 P.2d 270, 1939; In re Riebs' Estate, 8 Wis.2d 110, 98 N.W.2d 453, 1959, to the same effect.)
Although the distinction seems not to have been considered heretofore in Florida, we are of the opinion that in the present context of the statute of limitations it is a valid one. Without passing upon the question of what the two terms mean in connection with other statutes or in other contexts, we hold that an action seeking recovery of a salary allegedly withheld does not fall within the terms "suit for wages" within the intent of F.S. § 95.11(7) (b).
However, our jurisdiction in this case is based upon a clear conflict between the second and fourth District Court of Appeal as to the proper interpretation of F.S. § 95.11(7) (b). This conflict should be resolved, the more so since, when this case is tried, the evidence may show, despite the allegations of the complaint upon which of course the motion to dismiss was decided, that Plaintiff was employed in a lesser capacity and working for a wage.
We recognize, as did the District Court, that the wording of § 95.11(7) (b) is susceptible, at first glance, of more than one interpretation. The District Court of Appeal held that to apply this statute to wage claims accruing under a contract would do violence to the statutory scheme of F.S. § 95.11. But it is difficult to conceive of a claim for wages which does not in some manner arise from a contract expressed or implied.
Respondent has argued that the proper interpretation is that the words "accruing under laws respecting the payment of wages and overtime" modifies the words "wages" *515 and "overtime" as well as "damages and penalties" and that an expanded version of the statute would read, "Suits for the recovery of: (1) wages accruing under the laws respecting the payment of wages and overtime; (2) overtime accruing under the laws, etc.; (3) damages and penalties accruing under the laws, etc.," and that this section is thus limited to those causes of action based upon some statutorily created right. In support of its interpretation, Respondent points out that until 1943 suits for wages, etc. were not specifically mentioned in the statute of limitations and were governed by the general provisions relating to contacts or debt. From this it argues that this provision introduced into the law in 1943 was occasioned by the Federal Fair Labor Standards Act and other labor legislation, and the rights created thereby. Respondent argues that its interpretation is also supported by the fact that this 1943 provision was placed in subsection (7) which prior to that time had been reserved for actions by the state to recover for a penalty under a penal act of the legislature.
Taking up the latter argument first, if the legislature were attempting to follow a fixed pattern, subsections (5) and (6) would seem more logical, since 5(a) has to do with a liability created by statute other than a penalty or forfeiture and subsection (6) an action by another than the state upon a penalty or forfeiture.
As to the argument concerning the Fair Labor Standards Act and other social legislation, it may well be that the spate of actions spawned by such legislation and the difficulty of preserving evidence over a period of years prompted the legislature to act, but it is just as logical to say that the legislature decided to deal with all wage suits, however they arose, as to say they concerned themselves only with suits arising under some statutory provision. The compelling reasons for the legislation difficulty in preserving the evidence, the high mobility of the labor force, the harassment of management by a multiplicity of suits brought years after the fact are the same regardless of what gives rise to the cause of action.
That the legislature did indeed intend to treat the whole field of suits for wages, overtime, etc., is bolstered by a grammatical consideration. Had the legislature intended Respondent's interpretation, then, grammatically speaking, there should have been a comma following the word "penalties" to show that the word "accruing" was in agreement with and modified all of the foregoing categories. However, the statute does not so appear in any of the published versions, but reads:
"* * * wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime,"
by which reading, grammatically, "accruing" must be taken as modifying only damages and penalties. It cannot now be assumed that the legislature was unfamiliar with this simple rule of punctuation, or that an oversight which completely changes the meaning was committed by the draftsmen of the bill. We see no reason in law or justice for construing the statute in such a way as to do violence to its clear grammatical meaning, especially when the construction required by the rules of grammar is just as logical and based on as sound reasons as the construction urged by the District Court and the Respondent herein.
The fact that a federal statute of limitations has preempted the field as to cases arising under specific federal legislation does not, of course, invalidate the Florida Statute which remains in full force and effect as to cases arising under the common law or Florida legislation.
Thus we hold that § 95.11(7) (b) was intended to apply to all suits for wages or overtime, however accruing, as well as to suits for damages and penalties accruing under the laws respecting the payment of wages and overtime.
*516 Therefore, so much of the opinion of the District Court of Appeals for the Fourth District as construes F.S. § 95.11(7) (b) is overruled, but its ultimate disposition of the case is affirmed in accordance with the principles set out in the first part of this opinion regarding the distinction between salaries and wages. The case is, therefore, remanded to the District Court for further proceedings in conformity with this opinion.
ERVIN, C.J., DREW, CARLTON and BOYD, JJ., and VANN, Circuit Judge, concur.