503 So.2d 941 (1987)
OTIS ELEVATOR COMPANY, Appellant/Cross Appellee,
v.
William F. SCOTT, Appellee/Cross Appellant.
No. 85-1995.
District Court of Appeal of Florida, Fourth District.
February 25, 1987.
Rehearing Denied April 3, 1987.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach and Mark E. Levitt, Tampa, for appellant/cross appellee.
Cathy Jackson Lerman of Cathy Jackson Lerman, P.A. and Earle Lee Butler of Butler & Pettit, P.A., Fort Lauderdale, for appellee/cross appellant.
GLICKSTEIN, Judge.
This is an appeal of a final order awarding damages to appellee for retaliatory discharge. We reverse the main appeal and remand with direction to enter judgment for appellant. The cross appeal is moot.
On September 10, 1984, employee/appellee, William F. Scott, filed an action against his employer, Otis Elevator Company, appellant herein. The complaint alleged wrongful discharge in retaliation for filing a workers' compensation claim. Appellant denied that appellee had been wrongfully discharged and filed, unsuccessfully, a motion for summary judgment and motion for judgment on the pleadings on the ground the statute of limitations had expired.
The jury returned a verdict in favor of appellee for $100,000 in past lost wages and benefits and $200,000 for future lost wages and benefits. Appellant's motion for judgment in accordance with motion for directed verdict, motion for new trial and *942 motion for remittitur were denied. Both parties have appealed.
Appellee had worked for appellant for 19 1/2 years as an elevator mechanic/foreman when, on September 19, 1980, the police were dispatched to appellee's work site, Burdines Galleria, by another workman, who told police that appellee had assaulted him with a gun. Appellee denied the incident occurred. The police requested to examine appellee's vehicle, where they found bullet casings and a clip from the type of weapon the co-worker had described. Appellee was subsequently prosecuted for the incident, pleading nolo contendre.
As a result of this occurrence, the vicepresident of Burdines requested that appellee not be permitted to work at the job site in the future. When appellee returned to work the next day, he was told to take a few weeks off, without pay. After an investigation, appellee was advised on September 25, 1980, that he was being terminated because of the assault incident and Burdines's complaint. The written reasons given for appellee's termination were "customer complaints, absenteeism, tardiness". Appellee did not file a grievance contesting his discharge under the grievance procedures provided for in the collective bargaining agreement between the union and the employer.
Appellee first filed a workers' compensation claim one month after he was terminated, although he did actually injure his leg before he was fired, when on September 12, 1980, he had fallen on some debris at his job site. Appellee reported the incident to his supervisor, J.D. Mitchell, who was visiting the job site. Mitchell testified that appellee told him he had fallen and "reinjured" his leg which he had injured approximately ten years earlier in a non-work related accident. Mitchell also testified that appellee had experienced recurring problems with his leg over the years. Mitchell stated that appellee was limping and using a cane; however, Mitchell said that appellee had indicated that he had only aggravated his old injury and stated that he did not wish to fill out an accident report because it was just "a recurring thing" and he would be all right.
Mitchell admitted that he was aware that state law required every accident to be reported within ten days, but that he failed to do so. He testified that he did not learn that appellee was seeking workers' compensation until late October of 1980.
The only issue we address, which we believe to be determinative of all issues, is whether the trial court erred in denying appellant's motion for judgment on the pleading and/or motion for summary judgment as suit was not brought within the applicable statute of limitations period. We conclude that it did.
Suit was filed in the present case on September 10, 1984, almost four years after appellee was fired, the time at which the cause of action occurred. Both parties agree that this action was brought pursuant to Section 440.205 Florida Statutes (1979), which states:
No employer shall discharge, threaten to discharge, intimidate or cause any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.
Appellant contends that the applicable statute of limitations is Section 95.11(4)(c) Florida Statutes (1979), which provides that "An action to recover wages or overtime or damages or penalties concerning payment of wages or overtime", must be brought within two years. Appellee contends that section 95.11(3)(f) is applicable which applies to an "action founded on statutory liability" or in the alternative section 95.11(3)(o) governing intentional torts, both of which require an action to be brought within four years. In his complaint appellee requested actual, compensatory and punitive damages, but received only past and future wages and benefits. In our opinion, the present case is governed by Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513, (Fla. 1970), decided prior to the enactment of Section 440.205, in which the Florida Supreme Court stated that Section *943 95.11(7)(b),[1] the predecessor of 95.11(4)(c) was the applicable statute of limitations for recovery of wages under a contract:
As to the argument concerning the Fair Labor Standards Act and other social legislation, it may well be that the spate of actions spawned by such legislation and the difficulty of preserving evidence over a period of years prompted the legislature to act, but it is just as logical to say that the legislature decided to deal with all wage suits, however they arose, as to say they concerned themselves only with suits arising under some statutory provision. The compelling reasons for the legislation [-] difficulty in preserving the evidence, the high mobility of the labor force, the harassment of management by a multiplicity of suits brought years after the fact [-] are the same regardless of what gives rise to the cause of action.
That the legislature did indeed intend to treat the whole field of suits for wages, overtime, etc., is bolstered by a grammatical consideration. Had the legislature intended Respondent's interpretation, then, grammatically speaking, there should have been a comma following the word "penalties" to show that the word "accruing" was in agreement with and modified all of the foregoing categories. However, the statute does not so appear in any of the published versions, but reads:
"* * * wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime," by which reading, grammatically, "accruing" must be taken as modifying only damages and penalties. It cannot now be assumed that the legislature was unfamiliar with this simple rule of punctuation, or that an oversight which completely changes the meaning was committed by the draftsmen of the bill. We see no reason in law or justice for construing the statute in such a way as to do violence to its clear grammatical meaning especially when the construction required by the rules of grammar is just as logical and based on as sound reasons as the construction urged by the District Court and the Respondent herein.
The fact that a federal statute of limitations has preempted the field as to cases arising under specific federal legislation does not, of course, invalidate the Florida Statute which remains in full force and effect as to cases arising under the common law or Florida legislation.
Thus we hold that § 95.11(7)(b) was intended to apply to all suits for wages or overtime, however accruing, as well as to suits for damages and penalties accruing under the laws respecting payment of wages and overtime.
231 So.2d at 515.
While there was no contract here, we believe that we are compelled to follow the above case because of its broad language. Nevertheless, because of the absence of any contract in the present case, we certify the following question as being of great public importance:
Are actions for wrongful discharge brought pursuant to section 440.205, Florida Statutes (1979), governed by Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970).
ANSTEAD, J., and KLEIN, HERBERT M., Associate Judge, concur.
NOTES
[1] Section 95.11(7)(b) Florida Statutes (1969), governed:

(b) Suits for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime.