531 So.2d 400 (1988)
Mike IAMAIO, Appellant,
v.
Harold L. KITE, Burger Queen Systems, Inc., a Florida Corporation, and Kreem Cup, Inc., a Florida Corporation, Appellees.
No. 88-520.
District Court of Appeal of Florida, Second District.
September 21, 1988.
*401 Robert H. Grizzard, II, Lakeland, for appellant.
Thomas L. Clarke, Jr. of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellees.
LEHAN, Judge.
Plaintiff appeals a final judgment on the pleadings finding that his action was barred by section 95.11(4)(c), Florida Statutes (1987), the two-year statute of limitations applicable to actions for unpaid wages. We reverse.
Plaintiff was employed by defendants to do such things as select locations for restaurants, arrange construction financing, and locate franchisees. He was originally employed under a written contract. He then left defendants' employment and was subsequently re-employed on essentially the same terms as in the written contract. During all of his employment his compensation consisted of a monthly draw against commissions.
During plaintiff's second period of employment, the parties agreed to defer his compensation and to make a final settlement thereof in February, 1983.
Plaintiff filed this action on July 23, 1986, asking for payment of the compensation allegedly due to him from defendants. Upon motion by defendants, the trial court entered a final judgment on the pleadings finding that the compensation sought by plaintiff consisted of wages within the meaning of section 95.11(4)(c).
On appeal plaintiff contends that this case is controlled by the definition of wages set forth in Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970). We agree. In that case the supreme court discussed the difference between salary and wages in the context of section 95.11(7)(b), Florida Statutes (1969), the forerunner to the present section 95.11(4)(c). The court noted that wages are often defined in the context of compensation for services by the day or week or as pay given for labor, usually manual or mechanical, at short, stated intervals. The compensation in this case is not wages in that context. Accordingly, we conclude that the two-year statute of limitations in section 95.11(4)(c) does not apply and that the four-year limitation in section 95.11(3)(k) for actions on a contract does apply. But cf. Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984) (wages defined as all remuneration for employment, including commissions, in context of section 448.08 dealing with award of attorney's fees in an action for unpaid wages).
Defendants contend that in deciding whether the compensation in this case was wages this court should consider Keel v. Brown, 162 So.2d 321 (Fla. 2d DCA 1964), and Buenger v. Kennedy, 151 So.2d 463 (Fla. 2d DCA 1963). However, those cases preceded Broward Builders and, to the extent they conflict with that case, they have been overruled.
Reversed and remanded for proceedings consistent herewith.
DANAHY, A.C.J., and THREADGILL, J., concur.