549 So.2d 1189 (1989)
BARNES SURGICAL SPECIALTIES, INC. and F. Wayne Barnes, Appellants/Cross-Appellees,
v.
E. Randall BRADSHAW, Appellee/Cross-Appellant.
No. 88-02632.
District Court of Appeal of Florida, Second District.
October 13, 1989.
Wofford H. Stidham, Bartow, for appellants/cross-appellees.
Michael R. Carey of Carey, Aylward & O'Malley, Tampa, for appellee/cross-appellant.
SCHEB, Acting Chief Judge.
This appeal and cross-appeal concern the business relationship between Appellants F. Wayne Barnes and the corporation he founded, Barnes Surgical Specialties, Inc., and Appellee E. Randall Bradshaw. We find no merit to appellants' arguments on appeal. In evaluating the cross-appeal, we focus on the characterization of Bradshaw's compensation as either wages or commissions for purposes of the statute of limitations and attorney's fees and on Bradshaw's entitlement to prejudgment interest. We think two of appellee's points in this regard are meritorious.
A recitation of facts is made somewhat difficult by the conflict in the testimonies of the two businessmen, primarily concerning the existence of an alleged oral agreement regarding sales commissions. Since the final judgment indicates that the court accepted Bradshaw's claim that such an agreement between the parties existed, we must rely on his testimony.
In May 1978, Bradshaw entered the employ of Barnes Surgical as a salesman, selling the medical product lines Barnes Surgical represented. In June 1978, Bradshaw paid Sam Kelly, the minority shareholder in Barnes Surgical, $5,000 in return for his 49% ownership interest. Barnes remained the majority shareholder in the corporation, holding a 51% interest. Bradshaw claims that at that time he entered into an oral agreement with Barnes similar to an oral agreement he says existed between Barnes and Kelly.
*1190 The agreement between Barnes and Bradshaw divided the state of Florida into two territories in which the two men sold medical supplies. Bradshaw was given Kelly's territory plus additional west coast cities carved out from Barnes' territory. Bradshaw was to receive full commission on all sales made in his territory regardless of who was responsible for procuring the accounts. All commissions were placed in Barnes Surgical accounts but were paid back to the two men after overhead charges were deducted. It appears that it was never intended that Barnes Surgical accumulate assets. Rather, the corporation merely served as a conduit for the commissions.
Bradshaw claims that during the two years that followed, he was not paid according to the agreement. He received some compensation each month, the amounts varying depending on the cash flow. Barnes claims that these amounts were not based on sales and denies the existence of the oral agreement.
In May 1979, Barnes entered into a sales contract individually with two optical companies within Bradshaw's alleged territory. Barnes placed the proceeds from those sales into the Barnes Surgical accounts. He did not disburse the funds into his private account until April 1982, a year and a half after Bradshaw left Barnes Surgical on October 5, 1980.
On September 20, 1982, Bradshaw filed suit to recover damages against both Barnes Surgical and Barnes for the compensation he claimed under the oral agreement. Bradshaw also sought damages for 10% of the value of his shares for the company's refusal to allow him to inspect corporate records. § 607.157, Fla. Stat. (1987). Additionally, Bradshaw claimed that Barnes misappropriated a corporate opportunity in regard to the 1979 optical contracts.
After a lengthy period following the conclusion of a nonjury trial, the court entered a final judgment in favor of Bradshaw. Mr. Barnes was individually obligated to pay $23,934.81 as a result of his breach of the oral agreement and his misappropriation of corporate opportunities. The back commissions were assessed against Barnes but not against Barnes Surgical because the court found that as to Barnes Surgical, the commissions owed to Bradshaw were wages and barred by the two year statute of limitations. § 95.11(4)(c), Fla. Stat. (1987). The court found, however, that the claim for commissions was not time-barred as against Barnes individually, assumably since Bradshaw's claim was based on the oral contract and the four year statute applied. § 95.11(3)(k), Fla. Stat. (1987). Finally, the final judgment assessed $500 against both Barnes and Barnes Surgical as a penalty for not allowing Bradshaw, a shareholder, to inspect the corporation's books.
Finding no merit in appellants' argument on appeal, we proceed to discuss the three points raised by appellee Bradshaw on cross-appeal. First, he argues that the trial court erred in not awarding him prejudgment interest. We agree. A claim becomes liquidated and thus susceptible to prejudgment interest when a verdict has the effect of fixing damages as of a prior date. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214 (Fla. 1985). Bradshaw's damages were clearly fixed prior to judgment, namely when he made the sales on which the commissions were based, and he is thus entitled to prejudgment interest on the commissions from the date payment to Bradshaw was due.
Next, Bradshaw contends that the court erred in holding that the claim against the corporation, Barnes Surgical, was "wages" and thus barred by the two year statute of limitations. We agree. This court addressed this issue in Iamaio v. Kite, 531 So.2d 400 (Fla. 2d DCA 1988), where based on distinctions the supreme court has made between wages and commissions, we held that compensation in the form of commissions does not fall within the category of wages in the context of section 95.11(4)(c). See Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970). Despite the deduction of expenses by the corporation, the amounts due Bradshaw were based on a percentage of *1191 sales rather than a set dollar amount, and are therefore, appropriately classified as commissions. We see no distinction between the claim against Barnes and the claim against the corporation with regard to the recovery of unpaid commissions.
Finally, Bradshaw argues that he should have been awarded attorney's fees as the prevailing party in an action for wages. § 448.08, Fla. Stat. (1987). He argues that although his compensation is commissions for purposes of the statute of limitations, it is wages for purposes of attorney's fees. He cites Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984). Appellants counter that Bradshaw's failure to request attorney's fees in his pleadings is fatal because section 448.08 is permissive and not mandatory.
We disagree with appellants' argument that Bradshaw's failure to request attorney's fees in the pleadings precludes an application for attorney's fees in a timely filed post-judgment motion. See Cheek v. McGowan Electric Supply Co., 511 So.2d 977 (Fla. 1987). We note, however, that the first time Bradshaw even mentioned attorney's fees was in his motion for rehearing. There he merely stated: "The Final Judgment should have reserved jurisdiction for the award of attorneys' fees upon proper application by Bradshaw." We have not been cited to nor are we aware of any requirement that a trial court reserve jurisdiction to allow a party to request attorney's fees which have not been requested by the time of judgment. More importantly, the record does not reveal any post-judgment motion for attorney's fees. Thus, we affirm on this point.
We affirm the judgment in favor of Bradshaw and against Barnes and Barnes Surgical in the amount of $500 for violation of section 607.157. We also affirm the judgment in favor of Bradshaw and against Barnes in the amount of $24,434.81, $500 of which is the penalty for violation of the corporate statutes. We remand with directions that the trial court enter judgment for that amount against Barnes and Barnes Surgical, jointly and severally. Additionally, the court shall award prejudgment interest on that part of the judgment which represents commissions calculated at the statutory rate from the dates the commissions became due.
SCHOONOVER and PATTERSON, JJ., concur.