ON MOTION FOR REHEARING
LEVY, Judge.
The opinion released on this case, filed February 26, 1991, is hereby vacated and the following is substituted in its place.
James E. Newmeyer, a regional manager employed by Southeast Mortgage Company [“SEMCO”], brought an action against his employer on January 27, 1988, for breach of contract and fraud. Newmeyer sought additional compensation from SEMCO pursuant to the terms of a written contract entered into between Newmeyer and SEM-CO in 1982. According to Newmeyer, there was no maximum limit to which he would be paid under the contract, but he was later advised by SEMCO, on January 31, 1983, that contrary to the contract, there was a maximum limit to his compensation. SEMCO paid Newmeyer at least $50,000.00 less than the amount called for in the written contract.
SEMCO filed a motion for summary judgment in June of 1988, arguing that Newmeyer’s suit was brought more than five years after being unequivocally notified on December 7, 1982, in the form of a memorandum, that SEMCO had placed a cap on his incentive compensation. According to SEMCO, Newmeyer’s action was barred by Section 95.11(2)(b), Florida Statutes (1989), which requires that actions founded upon written contractual obligations be brought within five years from the date that the cause of action arises. In support of its motion for summary judgment, SEMCO attached, among other documents, the supervisor’s affidavit and a copy of the December 7, 1982, memorandum for the trial court’s review.
In defense of SEMCO’S motion for summary judgment, Newmeyer relied on his deposition testimony wherein he stated that he did not remember ever receiving a memorandum from his supervisor and, furthermore, that January 31, 1983, was the date upon which his cause of action arose because that was when he was first notified of his compensation cap. Accordingly, Newmeyer argued that his action, filed on January 27, 1988, was within the five-year period as set out in Section 95.11(2)(b). The trial court granted SEMCO’s motion for summary judgment, finding that New-meyer’s action was barred by Section 95.-ll(2)(b). Newmeyer’s motion to vacate the summary judgment was denied.
We find that genuine issues of material fact exist, thereby precluding the entry of the final summary judgment that was entered herein.
Based upon facts that are established in the record before us, we agree with Newmeyer's argument that the statute of limitations applicable to this case is Section 95.11(2)(b), which provides for a five-year period, starting from the date the cause of action arises, in which to bring an action founded upon obligations that stem from a written contract. Regarding the five-year limitation period that governs Newmeyer’s action, the first issue to be resolved is to ascertain when he received notice of SEMCO’s cap on its compensation agreement. Only after such a determination is made can it then be determined whether or not Newmeyer's action was barred by Section 95.11(2)(b). See Broward Builders Exchange v. Goehring, 231 So.2d 513 (Fla.1970). Newmeyer argues that January 31, 1983, is when he first received notice. SEMCO, however, argues that December 7, 1982, was the date New-meyer first received notice. Because this is a material issue to be resolved by the trier of fact, the trial court was precluded from entering a summary judgment.
The argument that the applicable limitations period in this case should be two *965 years is not supported by the facts. New-meyer sued on a written contract which, parenthetically, happens to be an employment contract which, also parenthetically, involves the subject of wages.
Appellee’s reliance on Community Design Comp. v. Antonell, 459 So.2d 343 (Fla. 3d DCA 1984), rev. denied 469 So.2d 748 (Fla.1985), is misplaced. That case dealt with the interpretation of statutory language providing for the award of attorney’s fees. The case did not address, in any fashion, Chapter 95 of the Florida Statutes. Furthermore, that case dealt with an oral agreement — not a written contract as we have in the instant case.
Accordingly, the final summary judgment entered herein is reversed and this cause is remanded for further proceedings.
Reversed and remanded.