656 So.2d 1316 (1995)
Venant JOSEPH, Stafford Anderson, Hopeton Blake, Clinton Brown, Clive Brown, Oral Bryan, John Cordice, Cuthbert Duncan, Laury Gayle, Noel Henry, Mario Hutchinson, Paulus Lewis, Harrington Palache, Winston Pryce, Lebert Thompson and Alva Williams, Appellants,
v.
OKEELANTA CORPORATION, Appellee.
Victor BROWN, Basil Phillips and Reynold Sayers, Appellants,
v.
ATLANTIC SUGAR ASSOCIATION, Appellee.
Nos. 93-1389, 93-1390.
District Court of Appeal of Florida, Fourth District.
May 10, 1995.
Rehearings and Clarifications Denied July 11, 1995.
*1317 Gregory S. Schell of Florida Rural Legal Services, Inc., Belle Glade, for appellants.
Elizabeth J. Du Fresne and Mark R. Cheskin of Steel Hector & Davis, Miami, for appellees Okeelanta Corp. and Atlantic Sugar Ass'n.
DELL, Chief Judge.
These consolidated appeals involve separate class actions concerning nineteen West Indian workers who sued appellee Okeelanta Corporation (Okeelanta) and three West Indian workers who sued Atlantic Sugar Corporation (Atlantic) for breach of an employment contract. Both appellees employed the West Indian workers to harvest sugar cane during the October 1988 through April 1989 harvest season. The lawsuits, although filed separately, proceeded contemporaneously before the same trial court judge and involved almost identical complaints. The trial court ultimately concluded that the statute of limitations barred the class actions' claims in both instances and consequently entered summary final judgment in favor of appellees. We agree with appellants that the trial court erred when it granted appellees' motions for summary judgment and accordingly reverse.
Okeelanta produces sugar cane in Palm Beach, Hendry and Martin Counties. Atlantic cultivates its sugar cane and operates a mill to process its crops in Palm Beach County. Both appellees import workers annually from the West Indies to assist in the hand *1318 harvesting of the sugar-cane crop. Each appellant executed a written employment agreement with either Okeelanta or Atlantic. The employment contract entered into by each appellant designated April 30, 1989, as the final date for utilization of the farm worker's services. It also provided for early termination with a minimum compensation requirement as set forth Article IX of the employment contract, entitled "Employment Guarantee":
1. The Employer guarantees the worker the opportunity for employment for the hourly equivalent of at least 3/4 of the work days (as defined in Article I) of the total period during which the work contract and all extensions thereof are in effect, beginning with the first workday after the worker's arrival at the place of employment and ending on the termination date specified in this contract or its extension, if any.
(a) If the Employer affords the worker during such period less employment than required under this provision, the worker shall be paid the amount which he would have earned had he, in fact, worked the guaranteed hourly equivalent of the number of days. Where wages are paid on an incentive basis, the worker's average hourly earnings shall be used for the purpose of computing the amount paid under this guarantee.
(b) In determining whether the guarantee of employment has been met, any hours which the worker fails to work during a work day when he is afforded the opportunity to do so by the Employer, and all hours of work performed shall be counted in calculating the employment required to meet the satisfaction of this guarantee.
Under this provision, commonly referenced by the parties as the "3/4 Guarantee," appellees guaranteed each employee the opportunity to work at least three-quarters of the hours encompassed in the stated period of employment. If the employer offered less work, the employee would receive a liquidated sum equal to at least three-quarters of the wages he would have earned for the full employment period.
Appellees terminated all appellants before the designated termination date of April 30, 1989. On March 15, 1991, appellants filed suit against Okeelanta and Atlantic, respectively, for compensation due under the 3/4 Guarantee provision of the employment contract. Through the course of the proceedings, appellants filed four complaints which appellees moved to dismiss as untimely under section 95.11(4)(c), Florida Statutes (1991), a two-year statute of limitations governing actions to recover wages. In an apparent attempt to defuse appellees' affirmative defense, counsel filed a third amended complaint in the Okeelanta action to add as plaintiffs, Cordice and Duncan, workers alleged to have been employed by Okeelanta until or after March 15, 1989, and made similar allegations in amending the complaint in the Atlantic action to add Reynold Sayers as a plaintiff. Okeelanta and Atlantic moved to strike the third amended complaints as sham pleadings and to enter summary judgment pursuant to rule 1.150, Florida Rules of Civil Procedure. Appellants' failure to establish the truth of the additional allegations in the third amended complaints culminated in the trial court's order striking the allegations concerning the parties Cordice, Duncan and Sayers as sham pleadings.
The trial court ultimately entered orders of final summary judgment in favor of Okeelanta and Atlantic. In granting the summary judgments, the trial court concluded as a matter of law that section 95.11(4)(c) set forth the applicable limitations period and that appellants' failure to bring the actions within two years of the date of their employment termination barred the claims. The trial court premised its ruling upon its finding that appellants' cause of action in the Okeelanta action accrued when Okeelanta terminated their employment on or before March 8, 1989. Likewise, the trial court found that the appellants' cause of action against Atlantic accrued on February 8, 1989, the date of their employment termination.
Appellants raise four points on appeal: (1) the trial court erred when it entered summary judgment under rule 1.150, Florida Rules of Civil Procedure, against all appellants since the motion to strike their third *1319 amended complaints related only to the additional parties; (2) the trial court improperly applied a two-year statute of limitations for recovery of wages and should have applied a five-year statute of limitations as enumerated under section 95.11(2)(b), Florida Statutes (1991), applicable to actions on a written contract; (3) the trial court erroneously determined that the causes of action accrued upon termination; and (4) the trial court erred when it sua sponte concluded that appellants were barred from maintaining their state-court action because of their failure to exhaust administrative remedies under 20 C.F.R. sections 658.400-.423.
We affirm the trial court's order striking those allegations in the pleadings relating solely to plaintiffs Cordice, Duncan and Sayers as a sham. The record shows that appellees did not terminate any of appellants on or after March 15, 1989 as alleged in the third amended complaints. The trial court, however, did not enter summary judgment against all plaintiffs on the basis of such sham pleadings as provided by rule 1.150(a), but reviewed the claims of the original parties on the merits and granted summary judgment based upon expiration of the two-year statute of limitations for claims for unpaid wages.
We reject appellants' argument that the trial court should have applied the five-year statute of limitations applicable to written contracts as provided in section 95.11(2)(b), Florida Statutes. Appellants submit that the monies they seek to recover are not "wages" or pay given for labor at short stated intervals, see Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513, 514 (Fla. 1970), but a single, liquidated sum due under the 3/4 Guarantee provision of their employment contract. Appellants argue that their recovery is not founded upon an action for unpaid wages under section 95.11(4)(c), but upon enforcement of their employer's contractual obligation to make the lump sum payment under section 95.11(2)(b).
The recovery of a gross amount of wages under the 3/4 Guarantee provision of the contract brings this case within the ambit of Goehring where the supreme court broadly construed the statutory predecessor to section 95.11(4)(c) as encompassing "all suits for wages or overtime, however, accruing, as well as to suits for damages and penalties accruing under the laws respecting the payment of wages and overtime." 231 So.2d at 515 (emphasis added). The supreme court expressly rejected any notion that section 95.11(4)(c) would not apply to wage claims arising from an express contract. Id. at 514. The employment contract at issue provided for payment of an hourly wage over a specific period of time, and appellants sued to recover the balance of these guaranteed wages. Appellants' attempt to recover a lump sum does not negate their claims' nature as being one for unpaid wages, albeit arising from an express contract of employment. We hold that appellants' actions to recover the unpaid balance of a guaranteed aggregate amount of wages are actions for unpaid wages governed by section 95.11(4)(c).
We find merit, however, in appellants' argument that the trial court erroneously determined that the applicable limitations period began to run on the date of termination of each employee's service. Although appellants' entitlement to the wage guarantee may have arisen as of the dates of their respective terminations, the critical date upon which the running of the statute of limitations commenced was the date on which the contractual breach occurred. See generally Levy v. Travelers Ins. Co., 580 So.2d 190 (Fla. 4th DCA 1991) and cases cited therein; Williston on Contracts, 3d ed. § 2021A; 35 Fla.Jur.2d, Limitations and Laches, § 40. Thus, we agree with appellants that their claims against appellees did not ripen until appellees failed to honor their obligations under the wage guarantee provision.
Appellants alleged in their complaint that they were unaware of any failure of appellees to satisfy their obligations under the 3/4 Guarantee until the West Indies Central Labour Organisation (WICLO), on behalf of the farm workers, completed an audit of appellees' payroll records and adjustments were made by Okeelanta and Atlantic for any outstanding sums due. They further alleged that WICLO did not complete its audit and computations of sums owed with respect to *1320 the 1988-89 sugar-cane harvest by Okeelanta and Atlantic until a date after June 1, 1989. Appellants submitted deposition testimony from the comptroller of Atlantic and the personnel director/labor counsel for Okeelanta to corroborate this payment scheme. Their testimony shows that appellees generally abide by WICLO's ultimate determination of the amount of compensation payable under the 3/4 Guarantee. Hence, by their own practices, appellees' alleged breach of contract for failure to pay the full amount of the wage guarantee could not have occurred until a reasonable time after WICLO completed its review and audit of appellees' records and billed appellees for the deficiencies. See Denson v. Stack, 997 F.2d 1356, 1361 (11th Cir.1993); Greenwood v. Rotfort, 158 Fla. 197, 208, 28 So.2d 825, 831 (1946). Since the audit did not occur until after the harvest season, appellants cause of action clearly did not accrue before March 15, 1989, the time of filing the class actions. Therefore, we hold that the trial court erred when it determined that the two-year statute of limitations began to run on the date of termination of employment. We also hold that the statute of limitations did not begin to run until such date as appellees refused to honor the guarantee agreement. Since a question of fact exists as to the date when that event occurred, we reverse the order granting summary final judgment.
Finally, the trial court erred when it concluded, without argument from the parties, that the employment contract provided its own method for enforcement which required appellants to resolve any contractual disputes under federal regulations, 20 C.F.R. sections 658.400-.423. The trial court in reading Article XVI of the employment contract concluded that appellants' failure to exhaust administrative remedies under the federal regulations waived their right to pursue any claims against appellees in state court. The trial court based its conclusion on its reading of Article XVI of the employment contract which provides that all disputes concerning interpretation or application of the agreement shall be resolved in a three step procedure: (1) filing a grievance with the appropriate farm supervisor; (2) if step (1) fails to resolve the issue, referral is made to the employer representative and employee's local liaison officer; and (3) if the grievance still unresolved, and "if the grievance involved a matter covered by U.S. Employment Service Regulations, which may be the subject of a complaint under the procedures set forth in 20 C.F.R. Sections 658.400-.423," the employee shall file a complaint with his supervisor within a stated period of time. Notwithstanding the remedies available to an employee under this administrative scheme, coverage under 20 C.F.R. sections 658.400-.423 extends only to complaints against an employer about the specific job to which the applicant was referred by the Job Service. 20 C.F.R. § 658.401(a)(1)(i). Appellees hired appellant in their homeland; the United State's Employment Service's network did not refer appellants to their sugar-cane harvesting positions. As a result, appellants could not avail themselves of the job service complaint system established by the regulations. Id. Thus appellants were not subject to the complaint procedures set forth in 20 C.F.R. sections 658.400-.423 as provided in Article XVI of the employment agreement.
Accordingly, we reverse the trial court's orders striking appellants' third amended complaints and granting summary final judgment in favor of Okeelanta and Atlantic. We remand this cause to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
HERSEY and STEVENSON, JJ., concur.