669 So.2d 1120 (1996)
Thomas NEALON, III, Appellant,
v.
RIGHT HUMAN RESOURCE CONSULTANTS, INC., Appellee.
No. 95-2493.
District Court of Appeal of Florida, Third District.
March 20, 1996.
*1121 Aragon, Burlington, Weil, & Crockett and Ava J. Borrasso, Miami, for appellant.
Fisher & Phillips and Charles S. Caulkins and James C. Polkinghorn, Ft. Lauderdale, for appellee.
Before SCHWARTZ, C.J., and LEVY and GREEN, JJ.
GREEN, Judge.
This is an appeal from the final order of dismissal of an action for the breach of an employment agreement to pay a bonus. The sole basis of the dismissal was that this action is time barred by the two-year statute of limitations for the recovery of unpaid wages or overtime contained in section 95.11(4)(c), Florida Statute (1993). At issue here essentially is whether an action for an unpaid bonus is a suit for wages for purposes of section 95.11(4)(c). We hold that it is not and reverse.
On February 16, 1995, appellant Thomas Nealon III filed a one count breach of contract action against his former employer, appellee Right Human Resource Consultants, Inc. ("Right") seeking the recovery of a bonus which allegedly was promised to him in 1990 but never paid. The complaint in relevant part alleges that Nealon was retained by Right in 1990 as a managing director and that:
... Defendant would pay plaintiff a salary of $3661.53 bi-weekly for the first six months of employment. Thereafter, Plaintiff would be paid an additional wages incentive bonus in addition to the aforementioned salary. Manville Smith, acting in the scope of his employment, represented and assured plaintiff bonuses for the 1990 year of $30,000.00.
In response, Right filed a motion to dismiss on the grounds that this was essentially an action to recover the payment of wages and/or overtime and as such, was time barred by section 95.11(4)(c) where Nealon did not file suit until 5 years after the alleged promise. The trial court agreed and dismissed this action with prejudice. On this appeal, Nealon relies upon Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla. 1970), and asserts that this is an action by an executive for the recovery of unpaid salary rather than wages. Consequently, it is not time barred by the two-year limitation contained in section 95.11(4)(c) which applies to "[a]n action to recover wages or overtime or damages or penalties concerning payment of wages and overtime." We agree.
In Broward Builders, the Supreme Court, for purposes of section 95.11(7)(b), Fla.Stat. (1969),[1] adopted an established distinction between salary and wages. The distinction appears primarily to be based upon the nature or class of employment and to a lesser extent, whether the remuneration is fixed or variable:
Courts usually restrict the term "wages" to sums paid as hire to domestic or menial servants and those employed in various manual occupations. On the other hand, the term "salary" usually has reference to the compensation of clerks, salesmen, bookkeepers, other employees of like class and performing like services and supervisory personnel and officers of corporations, as well as public officers. The word "salary" imports a specific contract for a specific sum for a specified period of time, while "wages" are compensation for services by the day or week. The term "wages" as distinct from "salaries" has, especially in recent years, acquired a specific meaning.
*1122 Id. at 514 (citations and quotes omitted). The Court continued:
Webster defines "salary" as follows: "The recompense or consideration paid, or stipulated to be paid, to a person at regular intervals for services, especially to holders of official, executive, or clerical positions; fixed compensation regularly paid, as by the year, quarter, month or week; stipendnow often distinguished from wages." Any wages are said to be, "Pay given for labor, usually manual or mechanical, at short stated intervals, as distinguished from salaries or fees."
Id. (citations omitted). Following Broward Builders, the various district courts have consistently adhered to this distinction for purposes of section 95.11(4)(c). Joseph v. Okeelanta Corp., 656 So.2d 1316 (Fla. 4th DCA 1995) (holding that a class action brought by sugar cane harvest workers for the unpaid balance of a guaranteed aggregate amount of money is a suit for unpaid wages); Moneyhun v. Vital Indus., Inc., 611 So.2d 1316 (Fla. 1st DCA 1993) (finding a suit by a sales manager/consultant for unpaid compensation based on a percentage of sales is not an action for wages under section 95.11(4)(c)); Newmeyer v. Southeast Mortgage Co., 581 So.2d 963 (Fla. 3d DCA) (holding a regional manager's breach of contract action for the recovery of incentive compensation is not governed by section 95.11(4)(c)), rev. denied, 591 So.2d 184 (Fla.1991); Barnes Surgical Specialties, Inc. v. Bradshaw, 549 So.2d 1189 (Fla. 2d DCA 1989) (concluding that a salesman's suit for unpaid commissions does not fall within the category of wages for purposes of section 95.11(4)(c)); Iamaio v. Kite, 531 So.2d 400 (Fla. 2d DCA 1988) (holding that an employee who selected locations for restaurants, arranged construction financing and located franchisees and whose compensation consisted of a monthly draw against commission was not time barred by section 95.11(4)(c) in a suit for unpaid draws); Azaroglu v. Jordan, 270 So.2d 422 (Fla. 3d DCA 1972) (holding that where services performed by plaintiff to the decedent were personal in nature, the money sought must be deemed wages rather than salary for purposes of section 95.11(7)(b)), cert. denied, 275 So.2d 12 (Fla.1973), receded from on other grounds, Jones v. Lummus, 359 So.2d 538 (Fla. 3d DCA 1978) (also applying 2-year limit to personal services compensation claim); see also Spencer v. Puerto Rico Marine Management, Inc., 644 F.Supp. 172 (M.D.Fla.1986) (finding an action by longshoremen for the recovery of unpaid royalties under collective bargaining agreements to be a suit for the collection of wages within § 95.11(4)(c)); Forehand v. International Business Machs. Corp., 586 F.Supp. 9 (M.D.Fla.1984) (Florida's wage claim statute of limitations inapplicable to case brought by salaried individual under Florida Equal Pay Act), aff'd, 783 F.2d 204 (11th Cir.1986); but cf. McGhee v. Ogburn, 707 F.2d 1312 (11th Cir.1983) (holding that an action under 42 U.S.C. §§ 1981 and 1983 brought by a plaintiff who was hired as a maintenance superintendent then demoted to a maintenance foreman and ultimately fired was time barred under § 95.11(4)(c) where it was filed approximately four years later).[2]
Consistent with the foregoing authority, it is clear to us that this case cannot be deemed a "suit for wages" as that term is defined in Broward Builders. It is apparent from the face of the complaint and attached employment contract that Nealon was employed as an executive rather than a manual laborer. He was also paid a biweekly salary at a fixed amount for a specified period of time rather than on an hourly basis or on some other basis normally associated with wages. In light of the nature of his employment, his claim for an unpaid bonus can only be deemed a claim for an unpaid salary. Thus, we conclude that this action is not time barred by section 95.11(4)(c).
Reversed and remanded for proceedings consistent herewith.
NOTES
[1] The predecessor to the current section 95.11(4)(c).
[2] It is apparent to us that the McGhee court never considered whether McGhee should be deemed a supervisory employee who received a salary or a manual laborer who received wages as directed in Broward Builders.