706 So.2d 68 (1998)
Sergio CABANAS, Appellant,
v.
WOMACK & BASS, P.A., Appellee.
No. 97-586.
District Court of Appeal of Florida, Third District.
February 11, 1998.
Rehearing Denied March 11, 1998.
*69 Stephen Cahen, Miami; Lawrence & Daniels and Adam H. Lawrence, Miami, for appellant.
Womack, Appleby & Brennan and Eric Colburn Sage, Ft. Lauderdale, for appellee.
Before NESBITT, GODERICH and SHEVIN, JJ.
SHEVIN, Judge.
Sergio Cabanas appeals a final summary judgment in his breach of employment agreement action against Womack & Bass, P.A. We reverse.
Cabanas was employed by Womack & Bass, P.A., on May 29, 1992. The firm orally promised Cabanas that after completing six months of probation he would receive a $5000 raise and a leased car at the firm's expense. Additionally, Cabanas was promised, as a bonus, ten percent of billings over $50,000 generated by Cabanas in the year, at the time the monies were collected.
On November 29, 1992, after six months had elapsed, the firm told Cabanas he would have to work for a full year before he would receive the salary increase or the car. In June 1993, the raise and the car were not provided. In September 1993, Cabanas left the firm with the understanding that bonus payments based on collected billings would continue. However, on March 4, 1994, the firm notified Cabanas by letter that it would remit no further bonus payments to him.
Cabanas filed a lawsuit in February 1995 to recover damages for breach of the agreement. Womack & Bass filed a motion for summary judgment asserting that the claims are barred by the two-year statute of limitations in section 95.11(4)(c), Florida Statutes (1995), and the statute of frauds. The trial court granted the motion.
In Nealon v. Right Human Resource Consultants, Inc., 669 So.2d 1120 (Fla. 3d DCA 1996), this court clearly held that an action by an executive, a salaried employee, for an unpaid bonus was not a suit for wages for purposes of section 95.11(4)(c). Rather, the correct statute of limitations governing these actions is the four-year provision of section 95.11(3)(k). Following the holding in Nealon, Cabanas' action was timely brought under section 95.11(3)(k) and is not barred.
Neither is this claim barred by the statute of frauds. Contracts for employment which are terminable at will by either party for an indefinite period of duration do not fall under the statute of frauds. See Av-Med, Inc. v. French, 458 So.2d 67 (Fla. 3d DCA 1984); Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984). Cabanas fully performed under the oral employment agreement, removing this case from purview of the statute of frauds. Av-Med, Inc.. Here, as in Gulf Solar, Inc. v. Westfall, summary judgment based on the statute of frauds is improper because nothing in the record supports the conclusion that Cabanas was hired to perform work which would require performance for a period of time exceeding one year. Hence, on this ground too, the trial court's entry of summary judgment was error and must be reversed.
Based on the foregoing reasoning, we reverse the summary judgment and remand for further proceedings.