PATTERSON, Chief Judge.
The appellants, Medical Cost Control and Management, Inc., and Thomas F. Haverty, challenge a final summary judgment in favor of the appellee, Dougherty, O’Malley & Mills, P.A. We reverse.
The appellants are in the business of providing paralegal and case management services to law firms in personal injury cases. On February 20, 1998, they sued the appellee for unpaid invoices for services rendered. The appellee answered and asserted a number of affirmative defenses, one of which was the statute of limitations. The limitations defense was based on a statement at the end of each invoice which read, “BILL REPRESENTS WAGES AND IS PAYABLE UPON PRESENTATION.” The limitation period for a suit to recover “wages” is two years. § 95.11(4)(c), Fla. Stat. (1997).[1] Each of the appellants’ claims had accrued more than two years before the filing of the complaint. The appellants contend that the billings were services rendered as an independent contractor on a fee-for-service basis. Therefore, they contend that this suit is governed by the limitations period applicable to breach of contract, which is four years. See § 95.11(3)(k), Fla. Stat. (1997). The trial court stated that because the appellants “are the drafter[s] of the document, the term ‘wages’ must be strictly construed against them.” The court determined that the suit was one for “wages” and barred by the two-year statute of limitations.
The term “wages” is defined in Black’s Law Dictionary 1579 (6th ed.1990) as “[a] compensation given to a hired person for his or her services.” Not all compensation from employment, however, constitutes “wages” for the purpose of section 95.11(4)(c). Broward Builders Exch., Inc. v. Goehring, 231 So.2d 513 (Fla.1970) (holding that “salary” is not “wages” for the purpose of the statute). Likewise, the legend on the invoice is not determinative of the issue in this case, i.e., whether the appellants provided their services as employees or as independent contractors. The determination of that status does not depend on the statement of the appellants’ invoice but, rather, upon all of the circumstances of the parties’ dealings with each other. Cantor v. Cochran, 184 So.2d 173 (Fla.1966). The factual issues in regard to this status preclude a summary judgment.
Reversed and remanded.
NORTHCUTT, J., and SCHEB, JOHN M., (Senior) Judge, Concur.

. Section 95.11, Florida Statutes (1997), provides in pertinent part:
Actions other than for recovery of real property shall be commenced as follows:
(4) WITHIN TWO YEARS.—
(c) An action to recover wages or overtime or damages or penalties concerning payment of wages and overtime.