879 So.2d 665 (2004)
Albert Jones RICHEY, Appellant,
v.
MODULAR DESIGNS, INC., Appellee.
No. 1D03-1386.
District Court of Appeal of Florida, First District.
August 10, 2004.
*666 Arthur G. Sartorius, III, Jacksonville, for Appellant.
Alan D. Henderson of Henderson Keasler Law Firm, Jacksonville, for Appellee.
PER CURIAM.
Albert Jones Richey appeals an order granting the motion of Modular Designs, Inc., for judgment notwithstanding the verdict on the grounds that the appellant's cause of action was barred by two-year statute of limitations, section 95.11(4)(c), Florida Statutes (2000); that the cause of action was barred by the Statute of Frauds, section 725.01, Florida Statutes (2000); and that the jury's award of damages was not sustained by the evidence. For the reasons that follow, we reverse.
Richey, a former employee of Modular Designs, sued his former employer on June 4, 2001 for breach of an oral employment agreement seeking damages for unpaid bonuses and commissions earned when he allegedly produced new customers for Modular Designs and for his unpaid wages for the last week of his employment. Richey, a salaried employee with the title "Operations Manager" for most of his employment, was returned to an hourly wage of $16 per hour in August 2000. He terminated his employment on December 28, 2000. After a jury trial, the jury returned a verdict finding that Modular Designs had breached its oral agreement with Richey. The jury awarded Richey damages of $3,000 for unpaid commissions and $475 in unpaid wages, but determined that Modular Designs was not liable for any unpaid bonuses.
The two-year provision of section 95.11(4)(c) applies to "[a]n action to recover wages or overtime or damages or penalties concerning payment of wages and overtime." In Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513, 514 (Fla.1970), (quoting Blick v. Mercantile Trust & Deposit Co., 113 Md. 487, 77 A. 844 (1910)), the Florida Supreme Court explained that "[t]he word salary imports a specific contract for a specific sum for a specified period of time, while wages are compensation for services by the day or week." Appellant's action for his last week of unpaid wages was instituted within two years of the date the wages allegedly became payable in late December 2000 and, thus, was not barred by section 95.11(4)(c).
Turning to Richey's claim for unpaid commissions, we agree with him that, as a salaried employee suing for unpaid commissions, the four-year statute of limitations in section 95.11(3)(k), Florida Statutes (2000) is applicable to his claim for commissions. Cabanas v. Womack & Bass, P.A., 706 So.2d 68, 69 (Fla. 3d DCA 1998); Barnes Surgical Specialties, Inc. v. Bradshaw, 549 So.2d 1189, 1190 (Fla. 2d DCA 1989). The record contains no evidence that the four-year statute of limitations bars recovery here. See Town of Miami Springs v. Lawrence, 102 So.2d 143, 146 (Fla. 1958).
As for the application of the statute of frauds, Richey's employment contract was terminable at will with an indefinite duration and his claim was for commissions earned based upon past services performed. Further, the record is devoid of evidence that the parties intended the contract to last beyond a year. Accordingly, the statute of frauds does not bar recovery here. Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (1937); Collier v. Brooks, 632 So.2d 149, 158 (Fla. 1st DCA 1994); see also Heffernan v. Keith, 127 So.2d 903, 904 (Fla. 3d DCA 1961).
*667 Finally, in considering whether the trial court erred in granting the motion for judgment notwithstanding the verdict on the ground of insufficient evidence, we start with the caution that "[m]otions for judgment notwithstanding the verdict, like motions for directed verdict, should be resolved with extreme caution." Stirling v. Sapp, 229 So.2d 850, 852 (Fla.1969). In considering such a motion, all inferences of fact should be construed most strictly in favor of the non-moving party. Id.; see also, Jackson County Hospital Corp. v. Aldrich, 835 So.2d 318, 325 (Fla. 1st DCA 2002). A jury verdict "must be sustained if it is supported by competent, substantial evidence." Aldrich, 835 So.2d at 826. A trial court is authorized to grant a motion for judgment notwithstanding the verdict "only if there is no evidence or reasonable inferences to support the opposing position." Stirling, 229 So.2d at 852 (emphasis theirs).
Here, without detailing the evidence in this record, although the evidence is thin, we find that the record contains competent, substantial evidence sufficient to support the jury's verdict. In particular, Modular Designs' admission that Richey was responsible for obtaining two new accounts, Wal-Mart and N.A.S. JAX, together with various other evidence in the record and the reasonable inferences from such evidence as to the company's business practices, constitute sufficient evidence to support the jury's award of $3,000 for unpaid commissions.
REVERSED and REMANDED for reinstatement of the jury's verdict.
BARFIELD, VAN NORTWICK and PADOVANO, JJ., concur.