Danielle PINKNEY; Michael
Hammock

v.

The CITY OF JERSEY CITY DE-
PARTMENT OF HOUSING AND
ECONOMIC DEVELOPMENT; the
Martin Luther King Development
Corporation; the Jersey City Eco-
nomic Development Corporation (An
Antonomous Agency); Omar Barb-
our, Individually; Terry Riddley, Indi-
vidually; ABC Corp., an Unknown
Corp; XYZ Corp, an Unknown Corp;
John Doe, an Unknown Individual;
Jane Roe, an Unknown Individual
Danielle Pinkney, Appellant

No. 00–2378.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Feb. 1, 2002.

Filed July 9, 2002.

Before SLOVITER, AMBRO and
WEIS, Circuit Judges.

*OPINION*

PER CURIAM.

The complaint in this action was filed by Steven Pinkney, who claimed to act pursuant to a general power of attorney on behalf of plaintiffs Danielle Pinkney, his adult daughter who is allegedly mentally incompetent, and Michael Hammock, his brother-in-law. Plaintiffs asserted that the defendants violated the HOME Investment Partnership Act, 42 U.S.C. § 12701 et seq., in connection with plaintiffs' closing on a mortgage for the purchase of a home in Jersey City, New Jersey. They requested damages of $300,000.

By Order entered June 30, 2000, the District Court dismissed the complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3), holding that it lacked diversity jurisdiction as well as federal question jurisdiction because the HOME Investment Partnership Act does not provide a private right of action in federal court.

Plaintiffs timely moved for reconsideration on the ground that the complaint was also predicated upon "civil rights violations," arguing that they would have been able to close on the loan and purchase the home were it not for the defendants' retaliation against Steven Pinkney for his alleged activism in the local community.

Plaintiffs supplemented the motion for reconsideration on July 17, 2000, by submitting a list of purported causes of action that they wished to pursue. Plaintiffs also filed numerous exhibits on July 28, 2000. On August 1, 2000, the District Court denied reconsideration, explaining that Steven Pinkney's alleged community activism was insufficient for plaintiffs to maintain this suit under 42 U.S.C. § 1983. The District Court reasoned that "Plaintiffs have failed to show that Defendants' alleged retaliatory actions were motivated by Plaintiffs' own actions, as opposed to the actions of Steven Pinkney."

Steven Pinkney, acting solely on behalf of Danielle Pinkney, timely filed this appeal and a *pro se* brief. We have jurisdiction pursuant to 28 U.S.C. § 1291.

At the outset, we must address whether Steven Pinkney was even authorized to represent the plaintiffs, particularly his allegedly incompetent adult daughter. The District Court did not expressly address this threshold question of representation before it ruled on the merits of the complaint. Under our holding in *Osei–Afriyie v. Medical College of Pa.*, 937 F.2d 876, 882–83 (3d Cir.1991), a guardian or parent cannot represent an incompetent adult in the courts of this Circuit without retaining a lawyer. As we explained, " 'it is not in the interest of . . . incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.' " *Id.* at 883 (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir.1990)).

There is no evidence in the present record that Danielle Pinkney is, in fact, mentally incompetent, and no evidence of a state court order appointing a guardian.[1] If Danielle is not an incompetent, then she may well have the capacity to sue, in which case Steven Pinkney's attempt to assert claims on her behalf must be rejected. If she is incompetent, and Steven Pinkney is her proper representative, then he can bring suit on Danielle's behalf, *see* Fed. R.Civ.P. 17(c), but under *Osei–Afriyie*, as we have noted, Mr. Pinkney must retain a lawyer rather than seek to appear as non-licensed counsel for Danielle. As courts have explained, "[t]o maintain a suit in a federal court, a child or mental incompetent must be represented by a competent adult, ordinarily a parent or relative. . . . But though [the competent adult] may bring [ ] suit on the [mental incompetent's] behalf, he may not do so without counsel." *Johnson v. Collins*, 2001 WL 195027, at *5, 5 Fed.Appx. 479 (7th Cir. Feb. 23, 2001) (citing, *inter alia, Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998)).

Finally, as to whether Steven Pinkney would be a proper representative of Danielle's interests, the District Court should consider whether a power of attorney

---

1. Steven Pinkney asserts that Danielle has "cerebral palsy," Brief at 29, but the only even arguably relevant documentation in the record seems to be a 1995 letter from a pediatric cardiologist, Dr. Arnold J. Slovis, who in reporting his findings from a cardiac evaluation notes that Danielle "seems to be slightly retarded." App. at 221. This does not constitute sufficient evidence of mental incompetency.

signed by an allegedly incompetent adult has any validity. Of course, it bears repeating that, even if Danielle is incompetent and Steven Pinkney is a proper representative, he still cannot act as counsel for Danielle.[2] If the power of attorney is invalid, and Danielle is without a duly appointed representative, then she may sue only "by a next friend or by a guardian ad litem." Fed.R.Civ.P. 17(c).

Because Steven Pinkney, a non-attorney, sought to represent an allegedly incompetent adult, his appearance violated the rule in *Osei–Afriyie*. Consequently, the District Court erred insofar as it dismissed Danielle Pinkney's claims on the merits before it determined who can properly represent her interests in this action. We will, therefore, vacate the District Court's judgment on the merits of the complaint and remand the matter for further proceedings on the representation issue. *See Osei–Afriyie*, 937 F.3d at 883.

Appellant's motion for injunctive relief is denied without prejudice to her right to renew that motion in the District Court at an appropriate time after the issue of representation has been resolved.

---

**2.** Similarly, with regard to the claims asserted on behalf of plaintiff Michael Hammock, Steven Pinkney's brother-in-law, if Mr. Hammock has the capacity to sue, then he can appear pro se or through counsel, *see* 28 U.S.C. § 1654, but Steven Pinkney cannot represent him in this proceeding.