McLaughlin v. Kickham, et al.        CV-03-203-M   05/13/03
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


James McLaughlin, Trustee of
the Elaine Kickham Trust,
      Plaintiff

      v.                                Civil No. 03-203-M
                                        Opinion No. 2003 DNH 076
Francis Kickham, Jean F. O'Meara,
Barbara J. Kickham, and William Kickham,
      Defendants


                        **O R D E R**


      This litigation appears to arise from a dispute concerning

the administration of the Elaine Kickham Trust.  On May 8, 2003,

David R. Amos, pro se, removed the matter from the Trial Court,

Probate and Family Court Department, Norfolk County, Commonwealth

of Massachusetts.  Amos is not, however, a party to the

underlying litigation, nor does it appear that he is a named

beneficiary of the Elaine Kickham Trust, nor is he authorized to

represent any of the interests of the named beneficiaries.  See

28 U.S.C. § 1654.  See also Herrera-Venegas v. Sanchez-Rivera,

681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have

consistently rejected attempts at third-party representation.  By

law an individual may appear in federal courts only pro se or

through legal counsel."); Local Rule 83.2(d) ("Persons who are not members of the bar of this court and to whom [certain exceptions] are not applicable will be allowed to appear before this court <u>only on their own behalf</u>.") (emphasis supplied).

Previous efforts by Amos to remove similar matters pending in the Massachusetts state courts have met with dismissal orders from this court. <u>See, e.g.</u>, <u>O'Meara v. O'Meara</u>, No. 03-168-JD (D.N.H. May 6, 2003); <u>Rooney v. O'Meara</u>, No. 03-197-JD (D.N.H. May 8, 2003). This effort fares no better.

Although Amos invokes numerous statutes in support of removal, it is principally governed by 28 U.S.C. § 1441, which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have <u>original jurisdiction</u>, may be removed <u>by the defendant</u> or the defendants, to the district court of the United States <u>for the district and division embracing the place where such action is pending</u>.

28 U.S.C. § 1441(a) (emphasis supplied). <u>See also</u> 28 U.S.C.

§ 1446 (discussing the procedure for removing a case to federal court).

Among other defects associated with the notice of removal, it does not appear to have been timely filed, since the underlying state court action appears to have been pending since at least 2002. See 28 U.S.C. § 1446 (establishing a thirty day period during which cases must be removed). Nor was this action removed by a proper party; although Amos claims to be a "party in interest" in the underlying litigation (his wife is apparently a beneficiary of the trust), he is not a defendant. Accordingly, he cannot remove the proceeding to federal court. See 28 U.S.C. § 1441(a).[1]

Nor would removal to this district be appropriate in any event, as it is not "the district court of the United States for

---

[1] That Amos is purporting to act under a power of attorney executed by his wife (a defendant in the underlying state court action) does not alter the fact that he is not authorized to act as her legal counsel in federal court. While a non-lawyer is certainly entitled to represent himself in federal proceedings, he may not, without engaging in the unauthorized practice of law, represent the interests of a third party, even if that third party has vested him with power of attorney. See, e.g., Pinkney v. Dept. of Housing & Econ. Dev't., 42 Fed. Appx. 535, 536, 2002 WL 1809534 (3rd Cir. July 9, 2002).

the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). And, even if Amos were a named defendant and if this were the appropriate forum to which the case might properly be removed, the other defendants have not assented to removal. See, e.g., Hill v. Phillips, Barratt, Kaiser Eng'g. Ltd., 586 F. Supp. 944, 945 (D.Me. 1984) (Cyr, J.) ("Where there are multiple defendants, all must consent to or join in the petition for removal.")(citations omitted). See also Karpowicz v. Blue Cross and Blue Shield of Mass. Inc., 72 Fair Emp. Prac. Cas. (BNA) 350, 1996 WL 528372 (D. Mass. 1996) (holding that the "removal of this case was invalid and remand is required" since fewer than all defendants assented to removal in a timely manner).

But, perhaps most fundamentally, the notice of removal fails to allege sufficient facts to warrant the conclusion that this court may properly exercise subject matter jurisdiction over the claims advanced in the underlying litigation. First, the parties all appear to be residents of Massachusetts. Amos has not alleged otherwise. Consequently, diversity is lacking. See 28 U.S.C. § 1332. Nor does the underlying litigation appear to

4

involve any claims "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  As a result, the court lacks both diversity and federal question jurisdiction - a defect which, unlike some of the others associated with the notice of removal, may not be waived by the parties.

## Conclusion

Because this court lacks subject matter jurisdiction as to the removed matter, the action must be remanded to the court from which it was removed.  The Clerk of Court shall forthwith remand the action to the Trial Court, Probate and Family Court Department, Norfolk County, Commonwealth of Massachusetts, and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

May 13, 2003

cc:  James A. McLaughlin, Esq.
     David R. Amos
     Jean F. O'Meara
     Tammy L. Richardson, Esq.
     Barbara J. Kickham

5